John P. Donohoe, J.
This petition for a judgment staying the arbitration between the petitioner, Central School District No. 1 of the Towns of Carmel and Putnam Valley, Putnam County, New York, (Mahopac Central School District), and respondents, Mahopac Teachers Association, Jerold Lieberman, and the American Arbitration Association, as arbitration administrator, on the grounds that there is no agreement to arbitrate, and the relief requested is beyond the power of the arbitrator is granted.
On this application under CPLR 7502 (subd. [b]) the petitioner, Lieberman, is a school teacher who was denied tenure by the Board of Education and initiated grievance procedure and arbitration in order to obtain tenure. The only legal issue in this *504 proceeding results from a quirk in the statute. It came about in this way.
On September 1,1969 Lieberman was appointed as a teacher in the petitioner .school district. The probationary period leading to tenure was three years, in accordance with section 2509 of the Education Law. On May 9, 1971 this section was amended by the enactment of chapter 116 of the Laws of 1971 to provide that the probationary period would be five years, rather than three. The Legislature did not make any provision for persons who were serving in three-year probationary status. On June 8, 1972 the Legislature, as a corrective measure, enacted chapter 953 of the Laws of 1972, providing that teachers who had been appointed to a three-year probationary period under the old law would continue in that .status. It further provided that (§5):
“ The probationary period of any such person which began prior to May ninth, nineteen hundred seventy-one and which would have expired or will expire subsequent to May ninth, nineteen hundred seventy-one and on or before June thirtieth, nineteen hundred seventy-two, shall hereby be deemed to expire on June thirtieth, nineteen hundred seventy-two.
“ The provisions of each subdivision and section of the education law pertaining to notification in writing to persons who are not to be recommended for .tenure shall not apply to persons whose probationary period is deemed to expire on June thirtieth, nineteen hundred seventy-two pursuant to the provisions of this section. Each such person who is not to be recommended for appointment on tenure shall be notified by the superintendent of schools or district superintendent of schools, as the case may be, in writing to such effect not later than July thirty-first, nineteen hundred seventy-two.
“ No person who is so notified shall be deemed to have acquired tenure by estoppel or by acquiescence during the period commencing July first, nineteen hundred seventy-two and ending July thirty-first, nineteen hundred seventy-two.”
Lieberman served under a contract of employment which provided in article XI (I.) on page 31 that “ Any probationary teacher who is not to be reemployed or not to receive tenure shall be so informed not later than two (2) weeks before the beginning of spring recess.”
In July, 1972, the Superintendent of Schools recommended to the Board of Education that Lieberman be granted tenure, but the board disagreed and denied it. The board advised hi-m promptly in writing on July 21, 1972 of this decision.
*505 Lieberman, in invoking the grievance procedure and seeking arbitration now attempts to place the petitioner in the impossible position of having to anticipate, in the early spring of 1972, that the Legislature would adopt the above-quoted amendment to the Education Law on June 8. The Legislature, in granting to that class of persons who had been hired under a three-year probationary plan the same status which they had when they were employed, reinstated a benefit which had been removed. It was not incumbent upon the board to foresee that it would do so. Lieberman was notified promptly of the decision of the board, well within the period provided by the statute. This was a cirtiumstance which was not contemplated by the parties when they entered into the employment contract and was outside its scope.
In addition, the terms of the .contract itself preclude the use of the grievance procedure. Article XII (B) 1. says that “ The term grievance shall not apply to the failure to recommend or to oppose probationary teachers to permanent appointment.” “ Arbitration is essentially a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.” (See Central School Dist. No. 1 of Towns of Brookhaven & Smithtown v. Three Vil. Teachers Assn., 39 A D 2d 466, 469, and the authorities therein cited.)
Finally, the power to grant tenure to teachers is vested exclusively in the Board of Education. It is not an arbitrable issue. (See Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y., 38 AD 2d 478;Matter of McMaster v. Owens, 275 App. Div. 506.)