LEGISLATIVE CONFERENCE OF THE CITY UNIVERSITY OF NEW YORK, Respondent, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, April 11, 1972.

*Mary P. Bass* of counsel (*Stanley Buchsbaum* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*Alan F. Perl* of counsel (*Stephen H. Sturm* with him on the brief; *Sturm & Perl*, attorneys), for respondent.

McGIVERN, J. The Board of Higher Education appeals from the confirmation of an arbitration award directing the reappointment of Zalmar Perlin as instructor at Brooklyn College. The award was confirmed by judgment of the Supreme Court, New York County (ASCIONE, J.), entered on or about June 19, 1971.

The petitioner had been employed as an instructor of art at Brooklyn College, initially as a part-time and full-time lecturer, a non-tenure-bearing position from 1964 to 1967. For the academic year of 1967–1968, she was appointed to a tenure-bearing position, and reappointed for the two succeeding academic years.

But, by letter dated October 30, 1969, the chairman of the art department notified her that the departmental appointments committee had voted unanimously not to recommend her for reappointment as instructor for the academic year 1970–1971.

Miss Perlin instituted grievance procedures pursuant to a collective bargaining agreement, wherein she alleged violations of by-laws and written policies of the board of education dealing with evaluation procedures. These by-laws provide for observation of instructors with meetings and a yearly evaluation conference with the chairman of the department, with an opportunity for the instructor to correct critical evaluation, and they envisage that the reports will be submitted to the committees charged with the obligation to consider appointment and reappointment.

In addition to charging violation of the by-laws, by virtue of the failure to apprise Miss Perlin of observation reports that were uniformly critical, and to afford Miss Perlin the prescribed evaluation conference with the chairman of the art department, Miss Perlin also charged discrimination against women. She requested reappointment with tenure.

In the course of the grievance procedure, both the president of Brooklyn College and Vice-Chancellor Bernard Mintz ruled against the petitioner. The board did offer her a second opportunity to demonstrate fitness, a *sine qua non* quality for tenure, it being recognized that the touchstone to tenure is " academic excellence ". But she chose to go forward to arbitration, and there she was successful, the arbitrator directing that she be reappointed as an instructor for the next academic year, the effect of which is to award her tenure.

However, in our view, the determination of the arbitrator exceeded the purview of his power, as the power to grant tenure is vested exclusively within the province of the Board of Higher Education; and, thus, when the arbitrator arrogated this power unto himself, he violated the *Nota Bene* of section 6.4 of article VI of the collective bargaining agreement, which specifically excluded such power; this proviso stipulates that grievances relating to appointment, reappointment, tenure or promotion, which are concerned with matters of academic judgment, may not proceed to the arbitral stage. This *Nota Bene* further provides: " 4) It shall be the arbitrator's first responsibility to rule as to whether or not the grievance relates to procedure rather than academic judgment. 5) In no event, however, shall the arbitrator substitute his judgment for the academic judgment." Thus, we find here neither statutory nor contractual

sanction for the action of the arbitrator, the consequence of whose action was to confer tenure upon respondent.

The arbitrator herein endeavored to transmute procedural irregularities into a power gratuitously assumed to himself to confer tenure, although the exercise of "academic judgment" alone governs the conferring of tenure. The statutes give the various boards of education, such as the respondent, the exclusive power to make the initial appointments and to determine whether an appointee is qualified academically so as to permit an appointee to continue long enough to obtain tenure. The public policy behind the statutes, far outstripping the *ad hoc* fate of Zalmar Perlin, is one which recognizes the overriding importance of such appointments in the maintenance of excellence in the public school system. As the court said in *McMaster* v. *Owens* (275 App. Div. 506, 509) : " The making of a permanent contract with tenure constitutes a long commitment that should not be incurred without the most careful consideration.   *   *   * The Legislature has not seen fit to abrogate the power of the board in making permanent contracts."

That tenure should not be conferred by a "back-door" maneuver is obvious because of the intrinsic value the courts attach to tenure. " The purpose of the tenure law is ' to give security to competent members of the educational system in the positions to which they have been appointed ' (*Matter of Monan* v. *Board of Educ.,* 280 App. Div. 14, 18; *Donahoo* v. *Board of Educ.,* 413 Ill. 422, 427). The statutory tenure terms can be changed by the Legislature but never by a board of education (*Lapolla* v. *Board of Educ.,* 172 Misc. 364, affd. 258 App. Div. 781, affd. 282 N. Y. 674; *Matter of O'Connor* v. *Emerson,* 196 App. Div. 807)." (*Matter of Boyd* v. *Collins,* 11 N Y 2d 228, 233).

In further support of appellant's position that an arbitrator may not order the appointment of a faculty member to a position of tenure — and that is the effect of the arbitrator's direction, here challenged — is the fact that the New York State Constitution (art. V, § 6) requires appointment in public employment to be made upon a determination of merit and fitness. The fulfillment of that constitutional mandate has been specifically placed by the Legislature upon the Board of Higher Education.

It is difficult to believe that the agreement before us was intended to strip the board of education of its basic power to determine the condition of excellence, required for the achievement of tenure, or that the Taylor Law, with its obligation to

bargain as to all terms and conditions of employment (Civil Service Law, art. 14), was intended to allow such an abrogation. Unlike *Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington,* recently decided by our Court of Appeals (30 N Y 2d 122), we deal here not with a collective bargaining agreement covering tenured teachers, but a situation involving a teacher who had not yet achieved tenure. And, in respect of tenure, our arbitrator did not make a finding of excellency; he merely found a failure to observe certain procedural requirements. There may have been such a failure, but this did not authorize the arbitrator to transmute charges of incompetency into the excellence required for tenure.

The instant situation bears analogy to the acknowledged distinction relating to the powers of a Police Commissioner, vis-à-vis, a probationary policeman as against one who has passed his probationary period and achieved a permanent status. A nontenured teacher may be refused appointment without being given reasons therefor, or a hearing, and even despite the recommendation of a tenure appointment. (See Education Law, § 6202; *Matter of Pinto* v. *Wynstra,* 22 A D 2d 914 [2d Dept., 1964]; *Matter of McMaster* v. *Owens,* 275 App. Div. 506, *supra*; *Matter of Grace* v. *Board of Educ.,* 19 A D 2d 637 [2d Dept., 1963]; *Matter of High* v. *Board of Educ.,* 169 Misc. 98 [Sup. Ct., Queens County, 1938], affd. 256 App. Div. 1074 [2d Dept., 1939], affd. 281 N. Y. 815 [1939]; *Matter of Hickey* v. *Carey,* 275 App. Div. 964 [2d Dept., 1949]; *Schaflander* v. *Brooklyn Coll.,* N. Y. L. J., July 12, 1967, p. 13, col. 7 [Sup. Ct., Kings County, 1967]; and *Matter of Lorch* v. *Board of Higher Educ.,* 71 N. Y. State Dept. Rep. 152 [1950].) And nothing in the record before us suggests that the decision of the board not to reappoint respondent was the result of arbitrary or capricious conduct.

Thus, it is our considered judgment that the only fitting solution is that offered by the board. The offered solution, improvidently rejected by respondent, does no violence to, and gives appropriate recognition to the conceded technical breaches of the collective bargaining agreement and that public policy which decrees the need for requisite competence before the achievement of tenure. Accordingly, we embrace the offer of the board as a generous and just resolution of this controversy, and as an act representing over-all justice; and if found fit, there seems to be no reason why petitioner should not be designated *nunc pro tunc.*

Thus, we would modify the judgment on the law by striking from the last paragraph of the judgment the words, " and the respondent is hereby directed to reappoint Zalmar Perlin retroactively to her position as Instructor of Art in Brooklyn College for the academic year 1970–1971 " and by providing that the following quoted words be struck from the award of the arbitrator: " and which requires that she shall be reappointed as an Instructor for the academic year 1970–1971 to effectuate the remand and to make Miss Perlin whole in accordance with the Section 6.4 Nota Bene." No costs or disbursements are awarded to either party as against the other.

McNALLY, J. (concurring in result). The collective bargaining agreement involved in the instant case does not permit an award granting tenure. Unlike *Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington* (30 N Y 2d 122) the agreement expressly excludes the exercise of academic judgment by the arbitrator and limits his power to a remand for compliance with established procedures.

KUPFERMAN, J. (dissenting). Zalmar Perlin had been a lecturer in a nontenure position in the Brooklyn College art department between 1964 and 1967. She was appointed as an instructor for the academic year 1967–68 and was reappointed for the two succeeding academic years. Appointment for a fourth year would automatically confer tenure upon her. (Education Law, § 6206.)

By letter of October 30, 1969, she was notified by the chairman of the art department that the departmental appointments committee had voted not to recommend her for reappointment.

She then instituted grievance procedures pursuant to a collective bargaining agreement, alleging violations of the Board of Higher Education by-laws, etc., with respect to evaluation procedures. It is conceded that the requirements for observation of instructors, evaluation conferences, and the opportunity to comply with criticism, etc., pursuant to the rules, were not followed in her case. She also charged discrimination against women.

In accordance with appropriate grievance procedures, the President of Brooklyn College decided against Ms. Zalmar Perlin at Step 1 level, and the designee of the Chancellor, Vice-Chancellor Bernard Mintz, decided against her at Step 2. She then went on to arbitration, and it is the award of the arbitrator, confirmed by the court at Special Term, which is the subject

of this appeal by the respondent Board of Higher Education of the City of New York.

At Step 2, the Vice-Chancellor decided that she should resign and then be appointed as a full time lecturer for a single terminal year at a salary substantially the same. The effect of this was to recognize that the usual evaluation procedures had not been followed and to provide that Ms. Perlin, rather than being in a sense fired, start over as a lecturer.

The arbitrator decided in her favor and directed that she be reappointed as an instructor for the next academic year, the effect of which would be to give her tenure.

The board contends that the arbitrator had no power thus to do because a *Nota Bene* attached to the Formal Procedure for Handling Grievances (§ 6.4) contains the following sentence: '' In such case the power of the arbitrator shall be limited to remanding the matter for compliance with established procedures.'' (Cf. *Board of Educ. of Union Free School Dist. No. 3* v. *Associated Teachers of Huntington* (36 A D 2d 753 [2d Dept., 1971], mod. 30 N Y 2d 122).

It seems incongruous that an arbitration should be had, attended by counsel for both sides and the vice-chancellor for administration of the board and his assistant, as well as the dean of faculty at Brooklyn College, the co-ordinator for faculty labor relations, and the former chairman of the art department of Brooklyn College, as well as the chairman (chairlady, as the case happens to be, Professor Belle Zeller) of the Legislative Conference, its executive director, and also the chairman of its Grievance Committee, simply to come to the conceded conclusion that the Board of Higher Education did not enforce its rules in the first place, and that it could only be told now that there must be '' compliance with established procedures ''.

The same *Nota Bene* has the following last sentence: '' In the event that the grievant finally prevails, he shall be made whole.'' This the arbitrator did in the only way possible by directing that the instructor be reappointed.

The board objects to what amounts to granting tenure by default, contending that the solution does not fit the nonfeasance, and it offers to follow a course, which the majority adopts, which would start Ms. Perlin through a new series of appointments in a corresponding position as to which, hopefully, there may be compliance with procedure.

We do not pass upon the instructor's qualifications, although it may be pointed out that she was employed at the college for a long time, and that it was only within reach of the finish line

that she was brought up short. We do, however, affirm the judgment confirming the arbitration award. The offer made by the board, while possibly satisfactory from a settlement point of view, gives no assurance that procedures will be followed, and it would require the instructor to retrace her employment route. What's more, she does not accept the offer, which leaves us with no alternative other than to direct a reappointment or to adopt the default of the Board of Higher Education in following its own rules as a natural concomitant of its existence.

When criminal law standards of justice and due process are not followed, even malefactors go free. (See Criminal Law of New York, by Henry B. Rothblatt, ch. 24, Suppression of Evidence [1971]; A New York Criminal Law Refresher, by J. Irwin Shapiro, 37 Brooklyn L. Rev. 35 [1970].)

If "the grievant finally prevails", as here, she should be reappointed.

STEVENS, P. J., concurs with McGIVERN, J.; McNALLY, J., concurs in the result in an opinion; KUPFERMAN, J., dissents in an opinion, in which TILZER, J., concurs.

Judgment, Supreme Court, New York County, entered on or about June 19, 1971, modified, on the law, by striking from the last paragraph of the judgment the words " and the respondent is hereby directed to reappoint Zalmar Perlin retroactively to her position as Instructor of Art in Brooklyn College for the academic year 1970–1971 " and by providing that the following quoted words be struck from the award of the arbitrator: " and which requires that she shall be reappointed as an Instructor for the academic year 1970–1971 to effectuate the remand and to make Miss Perlin whole in accordance with the Section 6.4 Nota Bene." As so modified, the judgment is otherwise affirmed, without costs and without disbursements.