Morris Slibkiw, J.
Petitioner school district moves for an order staying arbitration demanded by the respondents on the grounds (1) there is no arbitrable subject matter involved and (2) the relief sought is beyond the power of the arbitrator to award.
Respondent, Judith Paisley, a probationer employed as a teacher in the Buchanan Verplanck Elementary School, was informed by her district stiperintendent that he would not recommend her appointment on tenure at a Board of Education meeting to be held for considering such matters. Pursuant to section 3031 of the Education Law (L. 1972, ch. 866, § 2, eff. July 1, 1972), she requested and received a written statement purporting to provide the reasons for such action. The result of subsequent events was a demand by respondents for arbitration of this “ grievance ” within the purview of the collective bargaining agreement in force between the adverse parties here. It does not appear on the record whether the Board of Education met and voted on the probationer’s tenure; the court assumes" that probationer’s resort to grievance procedures in the interim acted to suspend a final board decision on the subject pending the resolution of the present situation.
Article V of the collective bargaining agreement in force between the parties defines a grievance as “ any complaint by a teacher or group of teachers based on an alleged violation, misinterpretation or inequitable application of existing State laws, Board policies, administrative procedures and regulations or this agreement.”
Assuming the definition is broad enough to encompass respondent Paisley’s complaint (which this court need not decide), the collective bargaining agreement cannot by its own pronouncement vest discretion in an arbitrator to decide upon the issue of tenure. That function has been specifically delegated to the Board of Education by the Education Law of this State. In this special instance, the recent case, Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y. (38 A D 2d 478) is instructive on if not dispositive of the matter at bar. *523 The relief sought by the respondent Paisley is thus not within the power of the arbitrator to grant. “ An arbitrator may not order the appointment of a faculty member to a position of tenure ” (Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y., supra, p. 480).
Argument has been made that the court lacks jurisdiction in the premises because the president or treasurer of respondent faculty association has not been served with the motion papers. The association, having appeared by its attorney and argued on the merits, has cured whatever defect there may be and no interest would be served by a technical dismissal ruling which would have to be made without prejudice in any event.
The motion for an order staying arbitration is granted.