In the Matter of the Arbitration between CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWNS OF ROCKLAND, CALLICOON, LIBERTY, NEVERSINK, SULLIVAN COUNTY, HARDENBURGH, ULSTER COUNTY (LIVINGSTON MANOR SCHOOL DISTRICT), Respondent, and LIVINGSTON MANOR TEACHERS ASSOCIATION et al., Appellants.— Appeal from an order of the Supreme Court, Ulster County, which granted petitioners' motion to stay arbitration. On September 1, 1969 Mrs. Lynne Friedman was appointed to a three-year probationary period as a teacher in the Livingston Manor School District. On April 9, 1971 the New York State Legislature passed an amendment to the Education Law to become effective on May 9, 1971, which substituted a five-year probationary period for the previously applicable period of not less than one year nor more than three years (L. 1971, ch. 116). The Legislature did not make any specific provision for persons who were then serving in three-year probationary status and this amendment was generally assumed to have extended all existing periods of probation to five years (see Matter of Central School Dist. No. 1 of Towns of Carmel and Putnam Valley [Mahopac Teachers Assn.], 72 Misc 2d 503). However, it became evident that it was not the Legislature's intention to abrogate contracts previously made (N. Y. Legis. Annual, 1972, pp. 110–111), and thus chapter 116 of the Laws of 1971 was amended by section 5 of chapter 953 of the Laws of 1972 to add a new section, section 16, which specifically provides that the provisions of chapter 116 of the Laws of 1971 "shall not apply to persons who were employed as * * * teachers * * * in public school districts in this state who were appointed to a probationary period prior to May ninth, nineteen hundred seventy-one." This amendment, effective June 8, 1972, further provided that school districts had until July 31, 1972 to dismiss or retain those teachers who would acquire tenure by virtue of their original probationary periods on or prior to June 30, 1972. On June 13, 1972, Mrs. Friedman was denied tenure and terminated as of June 30, 1972 by the School Board and was so notified by letter dated June 19, 1972. On or about June 22, 1972, the Livingston Manor Teachers Association, the recognized exclusive bargaining representative for the professional personnel in the school district, filed a formal grievance alleging that Mrs. Friedman's termination violated the procedures set forth in the collective bargaining agreement in that: she had not been notified of her impending termination before March 15 or within 30 days of termination as specified by the contract; she had not been properly observed during her probationary period; the administration had failed to make constructive criticism; and derogatory material was put into her file without her knowledge. The redress sought by the teachers association was Mrs. Friedman's reinstatement with tenure. In a letter written July 21, 1972 the Supervising Principal denied all the charges contained in the grievance, and the Board of Education, after a hearing, reaffirmed this decision and denied the grievance. On or about September 21,

1972 the teachers association filed a demand for arbitration with the American Arbitration Association. Shortly thereafter, the school district made an application, pursuant to CPLR 7503 (subd. [b]), to stay arbitration on the grounds that there was no agreement to arbitrate the subject matter, tenure, and that the contract provisions in question had been nullified by superseding legislation. The trial court granted the petition and ordered arbitration of the matter stayed. Its decision was based on findings that the relief demanded was "reinstatement of Lynne Friedman and the granting of tenure to her" and, since it is well established that the power to grant tenure is vested exclusively in the Board of Education, "the arbitrator would have no statutory right to grant the relief requested". The instant appeal ensued. While there is no dispute that the boards of education have broad and exclusive authority to grant tenure and it is not a subject for arbitration (see *Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y.*, 38 A D 2d 478, affd. 31 N Y 2d 926; *Matter of McMaster v. Owens*, 275 App. Div. 506; *Matter of Central School Dist. No. 3 of Town of Cortlandt [Cent. School Dist. No. 3 Faculty Assn.]*, 75 Misc 2d 521), it is also abundantly clear that the appellants are correct that arbitrable issues are raised as to compliance with the procedural requirements provided in the collective bargaining agreement in the handling of Mrs. Friedman's denial of tenure. The time limits in the collective bargaining agreement urged by the petitioner are not contractual Statutes of Limitation and thus do not preclude arbitration (*Matter of Tuttman [Kattan, Talamas Export Corp.]*, 274 App. Div. 395; *Matter of Raphael [Silberberg]*, 274 App. Div. 625; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.16). Any questions raised as to timeliness and compliance with the procedures of the collective bargaining agreement are for the arbitrators (*Matter of Long Is. Lbr. Co. [Martin*, 15 N Y 2d 380, 386). However, since the petitioner was operating on the assumption that it had five years before tenure became final, until the 1972 amendment was enacted there was no way the petitioner could meet all the procedural requirements once it realized in June of 1972 that it must act before June 30 or tenure would be automatically granted. Faced with a similar dilemma in an analogous case, the Fourth Department, in *Board of Educ. of Chautauqua Cent. School Dist. v. Chautauqua Cent. School Teachers Assn.* (41 A D 2d 47), directed that if, following arbitration as to the compliance with contractual obligations involved, it be found that the teacher's rights were not observed, the board could be required to reappoint the teacher to a nontenured position for one year during which time the board could properly comply with the required evaluation procedures relating to appointment and reappointment to tenure-bearing positions (see *Legislative Conference of City Univ. of N. Y. v. Board of Higher Educ. of City of N. Y., supra*). So here the grievances filed by the teachers association should proceed to arbitration with power granted to the arbitrator, if he finds that there has been a denial of any bargained-for procedures that directly affected Mrs. Friedman's ability to improve her performance and achieve tenure, to reinstate her for a reasonable period of time, during which the petitioner would presumably comply with the required evaluation procedures and thereafter, in compliance with the prescribed procedures, exercise its power to determine the competency of its probationary instructor. This course of action affords fairness to the probationary teacher and, at the same time, permits the decision as to the granting of tenure to remain with the petitioner where it properly belongs. Order reversed, on the law and the facts, without costs, and matter remitted to

arbitration in accordance herewith. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.