**RED JACKET CENTRAL SCHOOL DISTRICT,** Appellant, v. **RED JACKET FACULTY ASSOCIATION,** Respondent.— Order unanimously affirmed, with costs, with direction that the arbitrators' remedial authority be limited in accordance with *Board of Educ. of Chautauqua Cent. School Dist.* v. *Chautauqua Cent. School Teachers Assn.* (41 A D 2d 47), with respect to the granting of tenure and/or any proposed nontenure reappointment of grievants, foreclosing tenure by estoppel. (Appeal from order of Ontario Special Term denying motion to stay arbitration.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

**HOUSE OF BACCHUS, INC.,** Petitioner, v. **BERTRAM D. SARAFAN et al.,** Constituting the New York State Liquor Authority, Respondent.— Determination unanimously modified in accordance with memorandum, and, as modified, confirmed, without costs. Memorandum: By notice of pleading and hearing, dated November 2, 1972, respondent commenced proceedings to suspend petitioner's license alleging: " 1. That the licensee corporation violated Section 101-bbb, subdivision 5, of the Alcoholic Beverage Control Law, in that it advertised wine at prices less than the minimum consumer resale prices then in effect, on September 27, 1972." The record demonstrates that the proper legal prices were quoted in advertisements of the same product by petitioner in two other newspapers on the same day and that the violation was the result of a printing error on the part of the paper containing the offending advertisement without a showing of any willful violation of the statute on the part of the petitioner. We agree with respondent that because of the many restrictions placed on a licensee's advertising, it is the licensee who must direct what an advertisement will include, it is the licensee who has the duty to study the proofs and it is the licensee who must be held directly responsible for its advertising and such responsibility cannot be avoided by assignment of fault to a newspaper. Also, respondent makes the argument that advertising media might find it to their advantage to conveniently admit error on their part, to preclude a finding of violation on the part of an advertising client. However, the circumstances shown here together with the extreme financial hardship to the substantial business of petitioner resulting from a 10-day suspension, despite a record of some prior violations, makes the measure of punishment so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of McGinnis' Rest.,* v. *Rohan,* 6 A D 2d 115, affd. 6 N Y 2d 770; *Matter of Stolz* v. *Board of Regents of Univ. of State of N. Y.,* 4 A D 2d 361). The order of May 14, 1973 should be modified by deleting therefrom the provision for the suspension of petitioner's license plus a $500 bond claim and by providing for the imposition of a $1,000 bond claim (see *Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37). (Review of determination suspending retail liquor license transferred by order of Monroe Special Term.) Present — Marsh, P. J., Witmer, Simons, Goldman and Del Vecchio, JJ.