■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK R. PROVOST, Appellant.—Case held, decision reserved and matter remitted to Onondaga County Court for a hearing in accordance with the following memorandum: Defendant appeals from his conviction, upon his plea of guilty, of manslaughter and robbery, both in the first degree. He contends that his confession was involuntary because his constitutional right to counsel was violated. The People concede that immediately after being advised of his *Miranda* rights defendant indicated to the interrogating officers his desire to have an attorney, but they assert that he changed his mind and told one of the officers, a Captain Dillon, that he did not want counsel. At the hearing on the voluntariness of the confession the People did not call Captain Dillon as a witness. Defendant, citing *People v Valerius* (31 NY2d 51, 55), argues that the officer was under control of the People and that their failure to call him raises a presumption that his testimony on the question of defendant's waiver of his right to an attorney would be unfavorable to the People. The question of whether defendant changed his mind voluntarily or whether it was the consequence of importunity by the police remains unanswered in the record and requires further proof before it can be determined that the confession was voluntarily made. The matter is remitted for a further hearing at which the People may call Captain Dillon as a witness, if so advised. Upon the completion of the new hearing the testimony should be presented for our consideration. (Appeal from judgment of Onondaga County Court convicting defendant of manslaughter, first degree and robbery, first degree.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.

■ In the Matter of the BOARD OF EDUCATION OF THE ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF AUBURN, Respondent, v AUBURN TEACHERS ASSOCIATION, Appellant.—Order unanimously reversed, with costs, and motion denied. Memorandum: The parties are directed to proceed to arbitration on the issue of whether Mary Taylor was properly evaluated as provided in article XXIII of the collective bargaining agreement between petitioner and respondent *(Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.]* 44 AD2d 876). The scope of the arbitrator's remedial authority shall be limited in accordance with *Red Jacket Cent. School Dist. v Red Jacket Faculty Assn.* (45 AD2d 924) and *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.* (41 AD2d 47). (Appeal from order of Monroe Special Term staying arbitration.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.