■ SPENCERPORT CENTRAL SCHOOL DISTRICT, Respondent, v SPENCERPORT TEACHERS ASSOCIATION NYSUT et al., Appellants. (Appeal No. 1.)—Order unanimously reversed, with costs, and matter remitted to arbitration in accordance with the following memorandum: Respondents—appellants, Spencerport Teachers Association NYSUT (Association), Larry Strong and Richard Muirhead, appeal from two orders of the Supreme Court, Monroe County, which granted petitioner-respondent Spencerport Central School District's (School District) motion to vacate two notices of intent to arbitrate and to stay arbitration. Appellant Association is the recognized representative of the teachers in the School District. The collective bargaining agreement sets forth the grievance procedures, the final stage of which would be binding arbitration. Article IX of the agreement was replaced by a later addendum which established a formal evaluation procedure for probationary teachers, which appellants Strong and Muirhead were before their dismissal. They were hired on September 1, 1971 and were dismissed on May 14, 1974 after a hearing in which the Association participated. On or about May 15, 1974 grievances were filed by or on behalf of Strong and Muirhead, alleging noncompliance with article IX (teacher evaluation) of the agreement. These grievances were denied and hearings pursuant to Stages 2 and 3 of the agreement were had and again the grievances were denied. Arbitration was timely requested by appellants, pursuant to section 4 of article II which provides this right if the decision at Stage 3 is unsatisfactory to the teacher and/or Association. This request for arbitration was denied by respondent. The demand for arbitration framed the "Nature of the Dispute" as "Did the District violate Article IX, Teacher Evaluation, of the contract when it acted to dismiss (appellant teachers)". The "Remedy Sought" is "Reinstatement with back pay; compliance with the contractural procedures; and any and all other appropriate remedies". As we noted in *Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn (Auburn Teachers Assn.)* (49 AD2d 35, 38): "Where a collective bargaining agreement contains an arbitration clause, disputes arising thereunder are presumptively arbitrable in the absence of clear contractual language to the contrary [citing cases]". We recognize that an arbitrator would have no authority to review the dismissal of a teacher, but where the grievance alleges "the failure of the [School District] to comply with particular provisions of the agreement, arbitration should be permitted to proceed." *(Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47, 51.) (See, also, *Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.],* 44 AD2d 876, affd 36 NY2d 988; *Board of Educ. Cent. School Dist. No. 1, Town of Grand Is. v Grand Is. Teachers Assn.,* 67 Misc 2d 859, affd 38 AD2d 669, mot for lv to app den 30 NY2d 481.) While the arbitrator would have no right to confer tenure on grievants, the power to do so being vested exclusively in the School District

*(Matter of Hauppauge Classroom Teachers Assn. v Millman,* 35 AD2d 844), arbitration is an appropriate remedy where the teacher alleges that he has not been properly evaluated as required by the contract *(Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 31 NY2d 926, affg 38 AD2d 478). Appellants have raised arbitrable issues as to compliance with provisions of the collective bargaining agreement and the parties are, therefore, directed to proceed to arbitration. (Appeal from order of Monroe Special Term staying arbitration.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.