In the Matter of COHOES CITY SCHOOL DISTRICT, Respondent, v COHOES TEACHERS ASSOCIATION, Appellant.

Third Department, December 18, 1975

*Bernard F. Ashe (Richard C. Heffern* of counsel), for appellant.

*Doherty & Doherty (John J. Doherty, Jr.,* of counsel), for respondent.

KOREMAN, J. The employment of Terrance Hagen as a nontenured school teacher was terminated by the Superintendent of the Cohoes City School District (District) after a period of three years. Thereupon a grievance based upon his dismissal was filed on his behalf by the Cohoes Teachers Association (Association), which proceeded to binding arbitration under the terms of a collective bargaining agreement. The arbitrator determined that under the agreement, a nontenured teacher could not be dismissed without just cause; that there was no just cause for terminating Terrance Hagen; and that the District violated the provisions of the agreement for the evaluation and review of teachers in terminating Terrance Hagen. As a consequence, the arbitrator directed that he be reinstated as a fourth year teacher for the 1974–75 school year. Special Term granted the application of the District to vacate the arbitrator's award to the extent of modifying the same to provide that the District shall offer employment to Terrance Hagen as a nontenured teacher for the 1975–76 school year, during which the evaluation machinery may be utilized. Subject to such modification, Special Term also granted the Association's cross motion to confirm the arbitrator's award. The Association appeals from that part of the judgment which granted the District's application to vacate the arbitrator's award to the extent of the afore-mentioned modification.

It is clear that the arbitrator's findings of fact and interpretation of the contract may not be set aside *(Matter of Associated Teachers of Huntington v Board of Educ., Union Free*

*School Dist. No. 3, Town of Huntington,* 33 NY2d 229). However, the grant of tenure to a teacher, involving the exercise of academic judgment, is a power vested exclusively in the various boards of education, and represents an area that may not be invaded by the arbitrator. *(Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 38 AD2d 478, affd 31 NY2d 926.) It is well established that where, as here, there has been a finding by the arbitrator that the provisions of the collective bargaining agreement concerning the evaluation procedures have been violated by the District, the powers of the arbitrator are limited to a direction only that the nontenured teacher be re-employed on a nontenure basis. *(Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y., supra; Red Jacket Cent. School Dist. v Red Jacket Faculty Assn.,* 45 AD2d 924; *Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.],* 44 AD2d 876; *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47.) Since Terrance Hagen would attain tenure by operation of law as a direct result of the arbitrator's award requiring the District to offer him employment as a *fourth year* teacher for the 1974–75 school year (L 1974, ch 735, § 6, eff Oct. 1, 1974), Special Term correctly concluded that the District should make an offer of employment as a nontenured teacher for the 1975–76 school year, during which compliance with the evaluation procedures could be obtained. Special Term, however, was not empowered to modify the arbitrator's award but rather was required to remit the matter to the arbitrator for such modification (CPLR 7511, subd [c]).

The judgment should be modified, on the law, by striking the first paragraph thereof and by substituting therefor: "petitioner's application to vacate arbitrator's award granted to the extent that the remedy furnished by the arbitrator is vacated, matter remitted to the arbitrator with a direction to order the Cohoes School District to reinstate petitioner, Terrance Hagen, as a teacher for the period of one year without tenure, during which period the evaluation machinery may be utilized", and, as so modified, affirmed, without costs.

GREENBLOTT, J. (dissenting). I dissent.

The court at Special Term, and the majority of this court, have proceeded as if the arbitrator arrogated to himself the power to grant tenure, notwithstanding the majority's proper

acknowledgment that if Terrance Hagen were to acquire tenure, it would be by operation of law. In holding that the judgment should direct reinstatement of Terrance Hagen for utilization of probationary evaluation procedures, the majority relies upon *Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.* (38 AD2d 478, affd 31 NY2d 926); *Red Jacket Cent. School Dist. v Red Jacket Faculty Assn.* (45 AD2d 924); *Matter of Central School Dist. No. 2 (Livingston Manor Teachers Assn.)* (44 AD2d 876); and *Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.* (41 AD2d 47). Each of these cases contains one fundamental factual similarity which in my view makes them distinguishable from the case at bar. In all of them, a probationary teacher was dismissed from his or her position without a statement of reasons, which was (and in the absence of contrary contractual provision is) within the power of the educational authority involved, but grievances were brought which *all* alleged solely procedural irregularities in the implementation of evaluation procedures during the period of probationary employment. Since the power of dismissal was unfettered, these decisions were correct in their holdings that an arbitration award could not be sustained which would seize upon procedural irregularities to effectuate tenure indirectly.

In the present case, however, the arbitrator has found that petitioner School District has, by contract, agreed to limit its power to dismiss any teacher, whether tenured or probationary, to only those situations where just cause is shown. Since the majority appears to agree that this is a matter of contract interpretation which cannot be set aside, it is the absence of substantive just cause which lies at the heart of the arbitrator's award in the case before us. Petitioner does not contend that there did exist just cause for Hagen's dismissal which would have been demonstrated had proper evaluation procedures been employed. Thus, as noted by the arbitrator, the issue regarding alleged procedural violations of Hagen's right to evaluation, and the propriety of his dismissal in the absence of just cause, are entirely distinct.

In these circumstances, no purpose would be served by requiring the continuation of Hagen's probationary status, nor are the powers of the petitioner diminished, for as the arbitrator noted, Hagen's accountability and exposure to termination for incompetence, misconduct or other just cause remains the

same whether or not he be granted tenure. In either case, as the arbitrator found, the collective bargaining agreement requires that an affirmative showing of incompetence be made after a teacher has been evaluated before dismissal can be permitted. In recognizing this, the arbitrator did not himself grant tenure, but in the absence of such a showing, merely permitted applicable statutes to become operative. I see no basis for finding that the arbitrator exceeded his powers in these circumstances, and therefore would vote to modify the judgment so as to confirm the award.

HERLIHY, P. J., MAIN and REYNOLDS, JJ., concur with KOREMAN, J.; GREENBLOTT, J., dissents and votes to modify in a separate opinion.

Judgment modified, on the law, by striking the first paragraph thereof and by substituting therefor: "petitioner's application to vacate arbitrator's award granted to the extent that the remedy furnished by the arbitrator is vacated, matter remitted to the arbitrator with a direction to order the Cohoes School District to reinstate petitioner, Terrance Hagen, as a teacher for the period of one year without tenure, during which period the evaluation machinery may be utilized", and, as so modified, affirmed, without costs.