In the Matter of the Arbitration between CANDOR CENTRAL SCHOOL DISTRICT, Appellant-Respondent, and CANDOR TEACHERS ASSOCIATION, Respondent-Appellant.

Third Department, June 10, 1976

*William Goldman* for appellant-respondent.

*Bernard F. Ashe (Richard C. Heffern* of counsel), for respondent-appellant.

REYNOLDS, J. Petitioner and respondent were parties to a collective bargaining contract in effect from July 1, 1973 to June 30, 1974, which contained an extension clause that "if no contract has been reached after the date of the expiration of this agreement the conditions herein will remain in force until a new contract or agreement is reached". On July 9, 1974 the parties reached a new collective bargaining agreement which was to "become effective July 1, 1974 after its approval", by the parties thereto. It was approved by respondent on September 3, 1974 and by petitioner on September 10, 1974. The 1974-75 contract provided for a "Dismissal Procedure" that "no employee will be reduced in rank or dismissed within the period of his or her employment without just cause during the term of this agreement." Petitioner appointed Patricia Miller to a teaching position in the Candor Central School for a five-year probationary term commencing September 1, 1971. This term was reduced to three years by virtue of chapter 735 of the Laws of 1974, and the probationary period terminated on September 30, 1974. On July 15, 1974 Edward S. Witko, the District Superintendent of Schools for petitioner's district, notified Miller in writing that he was not recommending her for a tenure appointment in the Candor Central School. On August 14, 1974 Miller filed a grievance claiming her employment with petitioner had been terminated without just cause and in violation of the negotiated collective bargaining agreement between Candor Central School District and the Candor Teachers Association. The grievance was not resolved at the preliminary stages and went to arbitration before a board of review of three persons. After a hearing, the board of review rendered a decision sustaining Miller's grievance and directing petitioner to reinstate Miller to her teaching position. Pursuant to CPLR 7511 (subd [a]), petitioner moved to vacate the award on the ground that the arbitrators exceeded their powers. Special Term granted the petition to the extent that Miller's reinstatement was limited to a nontenured teaching position.

Petitioner appealed from each and every part of the judgment. Respondent appealed only from that part of the judgment which granted the application to the extent that Miller's reinstatement was as a nontenured teacher for the 1975

school year, during which the evaluation machinery was to be utilized.

The arbitrators determined that Miller's grievance was covered by the collective bargaining agreement effective for the 1974-75 academic year, that the "Dismissal Procedure" clause in the 1974-75 agreement governed Miller's grievance, that petitioner had not complied with the dismissal procedure and directed petitioner to reinstate her to her former teaching position. The arbitrators also concluded that their award was binding under the terms of the collective bargaining agreement.

On this appeal, petitioner claims that the award should be vacated on the ground the arbitrators exceeded their powers (CPLR 7511, subd [b], par 1, cl [iii]). We agree. The arbitrators exceeded their powers when "they gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties." *(Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383; *Matter of Fayetteville-Manlius Cent. School Dist. [Fayetteville-Manlius Teachers Assn.],* 51 AD2d 91.) The arbitrators have interpreted the contract to provide that the "dismissal clause" was applicable to Miller's failure to achieve tenure at the end of her probationary period, and that Miller had a well-founded grievance which is subject to binding arbitration, because petitioner failed to follow the evaluation procedure set forth therein. By their irrational interpretation, the arbitrators have escalated the "dismissal clause" into a provision to submit failure to achieve tenure to binding arbitration. Tenure is not a matter which can be submitted to binding arbitration. *(Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.],* 44 AD2d 876.) The irrationality of the arbitrators' construction is demonstrated when we realize that Miller was not dismissed by petitioner. Miller's employment ceased at the termination of her probationary period when she failed to obtain tenure. Under the circumstances, petitioner was not authorized to award tenure to Miller. After the District Superintendent of Schools notified her she was not being recommended for tenure, petitioner was powerless to grant her tenure. Her employment ceased by operation of law at the end of her probationary period and not by a dismissal by petitioner. Subdivision 2 of section 3013 of the Education Law requires the District Superintendent of Schools to recommend for appointment on tenure persons who have been found

competent, efficient and satisfactory.[1] Thereafter, the board of education may then appoint on tenure any person recommended by the Superintendent of Schools. The recommendation of the superintendent is indispensable to consideration by the board of education for tenure. Mrs. Miller's real grievance is that the District Superintendent failed to recommend her for tenure. Without the recommendation, the petitioner was powerless to continue her employment. "The statute [Education Law, § 3013, subd 2] requires the board to select persons for permanent appointment from those who have completed their probationary service and *have been recommended by the district superintendent."* (Emphasis added.) *(Matter of McMaster v Owens,* 275 App Div 506, 508; *Matter of McDaniel,* 12 Ed Dept Rep 182; *Matter of Brida,* 11 Ed Dept Rep 76, affd 69 Misc 2d 900.) Attempts to grant tenure without the recommendation of the Superintendent of Schools have been declared unauthorized. *(Matter of Board of Educ. Union Free School Dist. No. 15, Towns of Alexandria and Theresa, Jefferson County,* 78 N.Y. St. Dept. Rep. 78.) The irrational construction placed upon the collective bargaining contract attempted to make a new contract and to compel petitioner to do an act it was unauthorized to perform, i.e., to submit to binding arbitration a tenure decision in the absence of a recommendation for tenure by the Superintendent of Schools. The application to vacate the award should have been granted by the Special Term. If the award were not vacated, we would have modified the judgment by remitting the matter to the arbitrators with a direction to order petitioner to reinstate Miller, as a teacher for a period of one year without tenure, during which period the evaluation machinery may be utilized *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 50 AD2d 24; cf *Matter of Fayetteville-Manlius Cent. School Dist. [Fayetteville-Manlius Teachers Assn.], supra).*

The judgment should be reversed, on the law and the facts, with costs, and the motion to vacate the award granted.

GREENBLOTT, J. P. (dissenting) I dissent. Firstly, the majority states that Miller was not terminated. This conclusion is contrary to the finding of the arbitrators and of Special Term, which I believe is binding. The school district agreed in its 1974-75 contract with the teachers association that it would

1. The subdivision has been amended to provide that appointments on tenure shall be recommended by the district principal in lieu of recommendations by the district superintendent (L 1975, ch 436, § 3, eff July 1, 1976).

not dismiss any teacher except upon a showing of just cause. The arbitrators have found that just cause was not shown and have directed Miller's reinstatement. It would be inappropriate to permit the district to circumvent the provisions of an agreement voluntarily entered into by falling back upon the action or inaction of the Superintendent, who was not a party to the agreement.[2] In these circumstances, I adhere to the position set forth in my dissent in *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.* (50 AD2d 24, 26-28). As I there stated, the teacher's "accountability and exposure to termination for incompetence, misconduct or other just cause remains the same whether or not [she] be granted tenure" *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra,* pp 27-28). I therefore vote to modify the judgment so as to affirm the award of the arbitrators.

SWEENEY, MAIN and LARKIN, JJ., concur with REYNOLDS, J.; GREENBLOTT, J. P., dissents and votes to modify in a separate opinion.

Judgment reversed, on the law and the facts, with costs, and motion to vacate award granted.

---

2. The authority to recommend appointment on tenure has been taken away from district superintendents and transferred to principals (L 1975, ch 436, § 3, eff. July 1, 1976).