■ BOARD OF EDUCATION OF THE DEPOSIT CENTRAL SCHOOL DISTRICT, Respondent, v CYNTHIA D. FISHER et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered April 15, 1976 in Broome County, which granted a motion by plaintiff for summary judgment and declared that the grievance procedure in the contract between the board of education and the Deposit Teachers Association does not apply to the dismissal of the defendant, Cynthia D. Fisher, and that the grievance procedure does not apply to the grievance initiated and pursued by the Deposit Teachers Association and (2) from the judgment entered thereon. Appeal from an order of the Supreme Court at Special Term, entered January 13, 1976 in Broome County, which granted plaintiff's motion to enjoin defendants from further pursuit of the grievance procedures pending a determination of the underlying declaratory judgment action and denied defendant's cross motion to vacate the temporary restraining order and to dismiss the complaint. The plaintiff initiated this proceeding to secure a declaratory judgment that a grievance procedure contained in its contract with the Deposit Teachers Association (hereinafter referred to as Union) is illegal and/or that it has been improperly invoked by the defendants. The complaint alleges that the defendant, Cynthia D. Fisher, was formerly a probationary teacher employed by it and that she was terminated from employment upon the recommendation of the District Superintendent of Schools. The complaint recited that Fisher and a representative of the Union delivered grievance forms to the plaintiff; that pursuant to the

contract with the Union, aggrieved teachers are to make claims; that the grievance in this particular case is excluded by the contract; that the discontinuance of a probationary teacher may not be subjected to grievance procedures, as a matter of law; and that the Union cannot initiate and pursue a grievance independent of the teacher. Among other things, the defendants as an affirmative defense alleged that declaratory judgment was not a proper remedy and that the action should be dismissed. While there can be no doubt that there are matters in controversy between the parties as to the dismissal of Fisher, those matters do not in any way relate to the validity of the contract. The plaintiff relies upon *Board of Educ. v Associated Teachers of Huntington* (30 NY2d 122) which was a declaratory judgment proceeding as holding, by implication, that the relief sought was a proper remedy. However, that case was concerned with the legality of contract provisions and not with specific attempts of a party to utilize such provisions. Moreover, in the *Huntington* case some of the disputed contract clauses required the payment of sums of money by the school board and, therefore, the board's concern with such legality had a direct connection with carrying out its duty to the public in dispersing funds. In *Huntington* there was clearly a justiciable controversy. (See *Matter of Board of Educ. v Yonkers Fed. of Teachers,* 40 NY2d 268.) In the present case the controversy is not justiciable upon the plaintiff's pleadings and papers. It appears that the defendants may be about to demand arbitration, but no such demand has been made and, in fact, such a demand was precluded by the preliminary injunction of Special Term and the judgment entered declares that the grievance procedure is inapplicable to Fisher. The record in this case does not even clearly establish whether this was a dismissal of the teacher because she was not recommended for tenure at the end of her probation or a dismissal under the power of the board to dismiss any probationary teacher as a discretionary matter upon the recommendation of the district superintendent (Education Law, § 3013, subds 1 and 2). The arbitration clause itself is very broad in that it confers the power "to the settlement of questions of interpretation, meaning and intent of the provisions of this agreement". The record demonstrates a controversy, however, it does not demonstrate that the plaintiff is in a situation where a declaratory judgment might assist it in avoiding an illegal act or actions and it is conceded that there are adequate remedies available to protect the plaintiff in the event a demand for arbitration is made. While the court could perhaps avoid a duplication of proceedings by undertaking to interpret so much of the contract as mentions that the teacher shall sign the grievance form at each level or otherwise make a mark thereon, such a result would mean accepting a case which should have been initially dismissed as not being a justiciable controversy or any controversy of such a nature as to warrant immediate judicial intervention. Order and judgment entered April 15, 1976 reversed, on the law, without costs; defendants' motion to dismiss complaint granted, without costs. Appeal from order entered January 13, 1976 dismissed, as academic, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.