■ In the Matter of MORRIS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent, v MORRIS EDUCATION ASSOCIATION et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered January 23, 1976 in Otsego County, which granted an application by the Morris Central School District Board of Education to stay arbitration. Thomas Moriarty, a probationary teacher in the Morris Central School District, was notified in January, 1975, before the expiration of his probationary period, that he would not be granted tenure. He was thereafter given the notice required by section 3031 of the Education Law and was furnished with a written statement which set forth the specific reasons for tenure denial. The Board of Education of the Morris Central School District (Board) accepted the recommendation of the Supervising Principal and denied tenure on March 11, 1975.[1] The Morris Education Association (Asso-

---

1. Section 3013 of the Education Law was amended (L 1975, ch 436, § 3, eff. July 1,

ciation) filed a grievance alleging that a "discharge of a member of the bargaining unit" had occurred which constituted a violation of the collective bargaining agreement. Reinstatement with accumulated benefits was the relief sought. Although the grievance filed with the Board on March 14, 1975 delineated articles 2, 4, 6 and 51 as definitive of the area allegedly breached by the Board, at Special Term and on this appeal only the "just cause" provision in section (2) of article 6 of the agreement[2] was advanced as supportive of appellants' position that a stay of arbitration should be denied (CPLR 7503, subd [b]). The issue raised by this appeal once again brings up for review the question of whether the granting or withholding of tenure by a Board, prior to the expiration of a teacher's probationary period, is an arbitrable issue because of the presence of a "dismissal clause" or a "just cause" provision in the agreement between the teacher's bargaining unit and the school district. This court in *Matter of Candor Cent. School Dist. (Candor Teachers Assn.)* (52 AD2d 400) held that it was an irrational interpretation to escalate the "dismissal clause" into a provision to submit failure to achieve tenure to arbitration. *Candor* also enunciated the point that a teacher's termination by the Board at the end of the probationary period is not a dismissal, but, rather, a failure to obtain tenure which operated as a matter of law to terminate employment. Therefore, a determination by an arbitrator that such a probationary employee was terminated without "just cause" would be an act beyond the powers of the arbitrator because it would be tantamount to making a new contract between the parties. Next, while a public employer's power to bargain collectively is broad and in the public interest, it is not unlimited and may not encompass areas prohibited by statute *(Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). Section 6 of article V of the New York State Constitution requires appointment in public employment to be made upon a determination of merit and fitness. The fulfillment of the constitutional mandate has been legislatively delegated to boards of education by the provisions of the Education Law *(Legislative Conference of City Univ. of N.Y. v Board of Higher Educ.,* 38 AD2d 478, 480, affd 31 NY2d 926), specifically, with respect to probationary teachers by subdivision 2 of section 3013 of said law. Insofar as pertinent to a nontenured teacher, subdivision 2 states, "Each person who is not to be so recommended for appointment on tenure shall be so notified in writing by the principal of the district, not later than sixty days immediately preceding the expiration of his probationary period." Moriarty was so timely notified. Thus, the issue is further refined to a consideration of whether a statutory duty can be bargained away or proscribed by agreement between a school board charged with the duty and a nontenured teacher's union. While we would agree that a school board, in the exercise of its power to bargain collectively, might contract to establish and apply certain evaluation standards to a probationary teacher's conduct, and, further, that a grievance that such standards were not applied would be arbitrable *(Matter of Central School Dist. No. 2 [Livingston Manor Teachers*

---

1976) to provide that recommendations on tenure be made by the district principal in lieu of the district superintendent.

2. "Article 6—Rights and Responsibilities * * * (2) All professional employees within the bargaining unit agree to perform their employment in a responsible and professional manner; therefore no professional employee *shall be discharged,* reduced in rank or deprived of fringe benefits *except for just cause."* (Emphasis supplied.)

*Assn.],* 44 AD2d 876, 877, affd 36 NY2d 988; cf. *Matter of Board of Educ. v Fisher,* 54 AD2d 1003 and that a board of education may by negotiated contract limit its procedural powers to discharge a probationary teacher *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 171; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 50 AD2d 24); it does not follow that public employers can abrogate the statutory and constitutional duty to judgmentally pass upon the competence of probationary teachers in order to determine the question of tenure. To hold that a probationary teacher cannot be discharged except for "just cause" implies that in the absence of such cause he cannot be terminated, which is in contravention of subdivision 2 of section 3013 of the Education Law. Further, since questions of tenure, after principal recommendation, are solely within the province of the school board (Education Law, § 3012, subd 2; *Board of Educ. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47) it would be beyond the powers of the public employer to contract to the contrary. Such an employer is free to negotiate with respect to rules concerning supervision and evaluation of probationary teachers and to consent that grievances of the same should go to arbitration *(Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra; Board of Educ. v Chautauqua Cent. School Teachers Assn., supra),* but it is not free to delegate by contract to an arbitrator the statutorily imposed obligation by deciding pure questions of tenure. Lastly, since the subject contract was negotiated between parties sophisticated in labor relations, it must be presumed that all parties were aware that tenured teachers can only be terminated in accordance with the provisions of sections 3020 and 3020-a of the Education Law. Therefore, the "just cause" provision of subdivision 2 of article 6 of the contract of employment can only relate to nontenured teachers, and can only have meaning when applied to those instances when the services of a probationary teacher are terminated *before* he reaches that point in his probationary term when the district principal makes his recommendation to the Board regarding tenure. Herein, Moriarty had passed beyond that point. The recommendation had been made, notice had been given and the Board had acted. Tenure having been decided, the issue was beyond arbitration. Judgment affirmed, without costs. Koreman, P. J., Mahoney, Main and Reynolds, JJ., concur; Greenblott, J., concurs in the following memorandum. Greenblott, J. (concurring). I vote to affirm under constraint of *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.* (50 AD2d 24, 26) and *Matter of Candor Cent. School Dist. (Candor Teachers Assn.)* (52 AD2d 400, 403). [84 Misc 2d 675.]