■ In the Matter of ITHACA CITY SCHOOL DISTRICT, Respondent, v ITHACA TEACHERS ASSOCIATION, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered September 24, 1976 in Tompkins County, which granted an application by petitioner to stay arbitration. Jane K. Rosenblum, a member of the appellant Ithaca Teachers Association, was appointed by the petitioner as a probationary elementary grade teacher in 1973. Her first two years were spent introducing and developing innovative reading programs for which she received high ratings in her performance evaluations. In her third year a new principal, who was allegedly not supportive of her teaching goals and sought a more traditional approach, recommended that she be denied tenure. Accordingly, the superintendent of schools duly notified Mrs. Rosenblum that she would not be recommended for tenure. Thereafter, appellant filed a grievance claiming that certain terms of the collective bargaining agreement between the parties had been violated with respect to the evaluation procedures, the development of new curriculum and other conditions of employment as set forth in that agreement. After being denied redress of the grievance, appellant submitted the matter to arbitration, whereupon this proceeding was commenced and resulted in an order staying arbitration. Special Term concluded that the grievance was, in effect, the submission of a decision to grant or deny tenure to an arbitrator and, thus, was not arbitrable as a matter of law, citing *Matter of Candor Cent. School Dist. (Candor Teachers Assn.)* (52 AD2d 400). There must be a reversal. Asserted noncompliance with procedural matters bargained for and contained in a collective bargaining agreement is clearly a proper subject for arbitration *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Matter of Central School Dist. No. 2 [Livingston Manor Teachers Assn.],* 44 AD2d 876, affd 36 NY2d 988). Such issues are entirely separate and distinct from pure questions of tenure which are ultimately vested in the board of education (Education Law, § 3012; *Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn.,* 54 AD2d 1044). Order reversed, on the law and the facts, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.