■ In the Matter of ON THE ROX LIQUORS, LTD., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously reversed, without costs and determination of State Liquor Authority confirmed. Memorandum: Petitioner was granted a package store liquor license in April, 1971. In March, 1975 respondent charged petitioner with violating subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law for advertising items of liquor at a price less than cost. Petitioner pled "no contest" to the charge but asserted in mitigation that the advertisement was the error of its publisher and that, in fact, it had not made any illegal sale under that advertising. The hearing officer considered petitioner's plea and license history and recommended a penalty, and respondent commissioners adopted the report, sustained the charge and imposed a penalty of 17 days' suspension (7 days deferred), plus a $1,000 bond claim. Special Term

modified the penalty by annulling the suspension and reducing the bond claim to the sum of $250. In view of petitioner's plea of "no contest" the only question for court review is the penalty (see *House of Bacchus v Sarafan,* 45 AD2d 924), and whether it was excessive. In making that determination the court may not merely substitute its judgment for that of respondent. In reaching his determination the hearing officer reviewed petitioner's license history. The fact that on March 20, 1974 petitioner received a deferred 10-day suspension and a $100 bond claim for selling liquor on credit establishes that respondent properly found that the present offense was not petitioner's first, and that a penalty in excess of 10 days was authorized (see Alcoholic Beverage Control Law, § 100-bb., subd 5). Petitioner's history also shows that on September 14, 1971 it had a warning interview; on December 12, 1972 it received a warning letter for misleading advertising; on March 15, 1973 it received another letter of warning regarding rule 31; and on April 23, 1973 it received a cease and desist order with respect to wine coupons. A further letter of warning was sent to it on December 3, 1973 concerning its books and records and possible sale for resale; and on January 9, 1974 petitioner was warned for joint advertising. The hearing officer also noted that under a license issued to petitioner on October 19, 1973 it received a warning on December 12, 1973 for failure to report an arrest; on March 29, 1974 it was warned for failure to post its license; and on July 17, 1974 a $1,000 bond claim was made with respect to consumption during prohibited hours. Respondent is charged by law with the duty of administering the Alcoholic Beverage Control Law and disciplining its licensees when necessary (see Alcoholic Beverage Control Law, §§ 2, 17). In view of our holding in *House of Bacchus v Sarafan* (45 AD2d 924, supra) that petitioner is responsible for its advertisements, whether or not they are correct, it having the privilege of checking the proofs before the "ads" are published, and in view of petitioner's admission of the violation, and its above-recited history, the court cannot find that respondent's determination was excessive, arbitrary, capricious or shocking to one's sense of fairness (see *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, 235–240; *Matter of McGinnis' Broadway Rest. v Rohan,* 6 AD2d 115, affd 6 NY2d 770; *Matter of Gambino v State Liq. Auth.,* 4 AD2d 37, affd 4 NY2d 997; *Matter of Fischer v Kelly,* 20 AD2d 906). Special Term erred, therefore, in annulling in part and modifying in part the determination. The order is reversed and the determination is confirmed. (Appeal from judgment of Erie Supreme Court—article 78.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.