■ In the Matter of the Arbitration between ONEONTA CITY SCHOOL DISTRICT, Appellant, and ONEONTA TEACHERS ASSOCIATION, on Behalf of DILLON R. MAIER et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered June 1, 1976 in Otsego County, which denied an application by petitioner to stay arbitration. Following the denial of tenure to a probationary teacher, the respondent, Oneonta Teachers Association, filed a grievance on his behalf with the appellant, Oneonta City School District, claiming that such action violated article IX of the collective bargaining agreement between the parties. The matter was not resolved and respondent ultimately served a notice of intention to arbitrate the dispute under a contract term providing for binding arbitration as the final stage of the grievance procedure. Appellant sought to stay arbitration and now appeals from the order of Special Term which denied its application. In its

statement of the grievance and notice of intention to arbitrate respondent has merely cited article IX of the agreement as the foundation of its dispute without particularizing how or in what manner any of its terms have been' violated. That article encompasses eight separate paragraphs. While seven deal with teacher evaluation procedures, the last one states that no teacher will be "disciplined * * * or deprived of any professional advantage without just cause." If, as appellant suspects, respondent is attempting to invoke this clause in order to obtain a review of the decision denying tenure to a probationary teacher, then we agree that no arbitrable issue is presented *(Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777; *Matter of Kepp v Springville-Griffith Inst. Cent. School Dist.,* 55 AD2d 1033). On the other hand, if respondent's actual complaint involves some failure to comply with the various evaluation procedures, then a dispute properly subject to arbitration might exist *(Board of Educ., v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Matter of Ithaca City School Dist. v Ithaca Teachers Assn.,* 57 AD2d 992). The broadly worded notice of intention to arbitrate does not specify the nature of the alleged contract violation and, therefore, an intelligent disposition of the application to stay arbitration is not possible on this record. Accordingly, the order refusing to stay arbitration should be reversed and the matter remitted to Special Term with leave to respondent to file an appropriate notice of intention to arbitrate (see *Board of Educ. v Newfane Teachers Assn.,* 54 AD2d 1119; cf. *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). Order reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.