■ In the Matter of TERRANCE HAGEN, Appellant, v BOARD OF EDUCATION OF THE COHOES CITY SCHOOL DISTRICT et al., Respondents.—Appeal from that part of a judgment of the Supreme Court at Special Term, entered April 1, 1977 in Albany County, which dismissed so much of petitioner's application, in a proceeding pursuant to CPLR article 78, as sought to compel respondents to reinstate him as a tenured teacher. In September of 1975, petitioner was reinstated to his teaching position for a period of one year without tenure (see *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 50 AD2d 24, affd 40 NY2d 774). He completed the academic year and again returned to classroom duties in September of 1976, but was thereafter terminated on September 15, 1976 by the chief school officer because the respondent Board of Education of the Cohoes City School District had not granted him tenure. Petitioner then commenced the instant article 78 proceeding, claiming that he had not received certain statutory notices (Education Law, §§ 3019-a, 3031) and that he had acquired tenure by operation of law. Respondent asserted that it had decided not to grant tenure to petitioner in May of 1976 and that his teaching activities at the beginning of the 1976-1977 school year had occurred as the result of administrative errors stemming from the appointment of a new principal at the school where petitioner taught. Special Term agreed with petitioner's first argument and fashioned relief that is not challenged on this appeal. However, it rejected his further contention and petitioner now appeals from so much of its judgment as dismissed his application for reinstatement as a tenured teacher. Although the nature and significance of various transactions and communications between the parties is disputed, petitioner has not shown that he was recommended for appointment on tenure by the respondent's superintendent of schools (Education Law, § 2509, subd 2). Thus, petitioner could not have acquired tenure by specific award of the board *(Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 52 AD2d 400, mod on other grounds 42 NY2d 266; *Matter of Anderson v Board of Educ.,* 46 AD2d 360, affd 38 NY2d 897), but rather, must rely on tenure by acquiescence and estoppel obtained by actual service beyond his probationary period (see *Matter of Mugavin v Nyquist,* 48 AD2d 727, affd 39 NY2d 1003). The parties have apparently assumed, mistakenly we think, that this period expired at the end of the 1975-1976 academic year instead of on some date in September of 1976 coinciding with the anniversary of petitioner's re-employment. Regardless of this difficulty, however, it seems plain that petitioner rendered no actual service to the respondent following the close of the 1975-1976 school year until he returned to the classroom in September of 1976. Even if petitioner taught for a few days after his probationary period had ended, we nevertheless conclude that his endeavors did not suffice to confer tenure on him by operation of law. The continued rendition of service by a teacher upon the expiration of a probationary term is but one element involved in establishing tenure by acquiescence and estoppel, for it must also be demonstrated that those services were performed with the knowledge and consent of the board of education (see

*Matter of McCarthy v Board of Educ.,* 73 Misc 2d 225, affd 43 AD2d 815; *Matter of Wright,* 14 Ed Dept Rep 295). The pendency of litigation involving petitioner probably contributed to some uncertainty over his status, but respondent's former efforts to discontinue his services speak loudly against any supposition that it meant to perpetuate his employment, and the imputation of equivocal statements by the chief school officer to the respondent board is a dubious method of displaying its knowledge that petitioner would be retained in September of 1976. Moreover, and in any event, the fact remains that prompt action was taken to discharge petitioner as soon as his presence was discovered by those aware of his position. In our opinion, the respondent did not know of or consent to the continuation of petitioner's services at the opening of the 1976-1977 school year. Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, with costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.