In the Matter of BARRY ELISOFON, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK·et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent community school board, dated January 22, 1975 and made after a hearing, to remove petitioner from his teaching position, he appeals, *inter alia,* from a judgment of the Supreme Court, Kings County, dated August 5, 1975, which, *inter alia,* dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that respondents are directed to reinstate petitioner to his teaching position. On September 6, 1972 petitioner received probationary status as a teacher in the New York City school system. As a result of receiving so-called "Jarema credit", his probationary service was reduced to the period ending September 6, 1974. Removal proceedings were brought against him in 1973 but were not completed until October, 1974. It was not until January 22, 1975 (well over four months after the probationary period expired) that the respondent community board voted to terminate petitioner's probationary status. Under these circumstances the law is clear that, where a community board does not adopt a resolution granting or denying tenure on or before the expiration of the probationary period and continues the teacher's employment beyond that period, the teacher acquires tenure by estoppel *(People ex rel. Goldschmidt v Board of Educ. of City of N. Y.,* 217 NY 470; *Lepelstat v Community School Bd. No. 13,* Sup. Ct., Kings County, Index No. 3305/1972, March 17, 1972; *Matter of Downey,* 72 State Dept Rep 29). The fact that removal proceedings were commenced before the expiration of the probationary period is of no consequence. The necessary action is that prescribed by statute (Education Law, § 2573, subd 1, par [a])—a majority vote of the board of education—and that action did not occur until after the probationary period had expired. Nor is the fact that petitioner contributed to the delay in completing the removal proceedings decisive against him. There was ample time and opportunity in the two-year probationary period to complete removal proceedings. Furthermore, petitioner's services as a teacher could have been discontinued without cause before the expiration of the probationary period, thereby precluding any possibility of his acquiring tenure by estoppel. Having acquired tenure, petitioner can now only be removed for cause and after a hearing. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

In the Matter of CHARLES E. FRIEDGOOD, Respondent, v BALFOUR CONCESSIONS, LTD., et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the production of certain books, records and papers of Balfour Concessions, Ltd., the appeal is from so much of an order of the Supreme Court, Kings County, dated May 30, 1975, as, upon reargument, adhered to its prior determination, which granted petitioner's application. Order affirmed insofar as appealed from, with $50 costs and disbursements. Under the circumstances presented, petitioner is entitled to the relief requested. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.