■ In the Matter of JULIAN ORANGE, Appellant, v COMMUNITY SCHOOL BOARD No. 3 et al., Respondents.—Judgment, denominated order, Supreme Court, New York County, entered on or about September 12, 1975, denying application to vacate determination of respondents-respondents community school board and its superintendent, terminating petitioner-appellant's services as a probationary school teacher, and dismissing his petition, unanimously affirmed, without costs and without disbursements. Petitioner was appointed to his position on December 1, 1969, subject to a three-year probationary period commencing February 2, 1970. His principal recommended denial of tenure in a letter to the board on November 27, 1972, the deputy superintendent concurring, and the board accepting the recommendation the same day. The next day, petitioner was given written notice, on which he indorsed "I have read this—letter will follow." However, for administrative reasons, he was permitted to continue beyond the probation expiration date, with a new termination date set for August 31 to assure him vacation pay. When this arrangement was made, it was explained to him that he was still being denied tenure. Petitioner, however, claims that the extension of date of termination of services worked an estoppel granting him tenure. He relies on *Matter of Lepelstat v Community School Bd.* (Supreme Ct, Kings County, Index No. 3305/72), in which, however, that board's resolution denying tenure was not passed until 12 days after expiration of the probationary period. He cites, also, *Matter of Elisofon v Board of Educ.* (51 AD2d 724), wherein we find that denial of tenure did not occur until four months post expiration of probation. To repeat, the reverse was true here, that tenure was denied and petitioner so notified more than two months before expiration of probation. Though petitioner denied receiving that notice, it was established at a "hearing," confined by stipulation to documentary evidence, that he did. No estoppel eventuated, the extension of actual termination being for petitioner's own benefit, and with a clear understanding of his status. And, finally, the provisions of section 2573 (subd 1, par [a]) and subdivision 2 of section 2590-e of the Education Law clearly granted authority to respondents to have terminated petitioner's services in the manner described. Concur— Lupiano, J. P., Birns, Silverman and Markewich, JJ.