CLIFTON-FINE CENTRAL SCHOOL BOARD OF EDUCATION, Respondent, v KARL WISNER et al., Appellants.

Third Department, August 4, 1977

*Bernard F. Ashe (Ira Paul Rubtchinsky* of counsel), for appellants.

*Charles E. Palm* for respondent.

HERLIHY, J. The petitioner, Clifton-Fine Central School Board of Education (hereinafter, Board), and appellant, Clifton-Fine Teachers Association (hereinafter, Union), entered into a collective bargaining agreement which included a provision for adjudicating disputes by submission thereof to arbitration. The agreement also contained provisions whereby teachers would be evaluated and would not be terminated except for *just cause.* In regard to *just cause,* the agreement specifically provided for *binding* arbitration. (Emphasis in original.)

The appellant, Karl Wisner, was a probationary teacher and at the conclusion of his probationary term the appropriate administrative officials recommended that he be granted tenure. The Board, however, without explanation denied Wisner tenure. Thereafter Wisner and the Union caused a "notice of intention to arbitrate" dated June 16, 1976 to issue seeking to question the "dismissal of a probationary teacher without 'Just Cause' as provided for by said agreement". The notice also recited that an issue was "[w]hether or not you, Thomas Paternostro [Supervising Principal], have made a substantial

compliance with the provisions on your part to have been performed in said agreement".

The Board moved prior to arbitration to obtain a permanent stay thereof by a notice of petition and petition dated July 1, 1976. The Union in its answer sought the affirmative relief of an order compelling the Board to proceed to arbitration.

The primary issue raised upon this appeal is whether or not arbitration must be stayed when the only substantial relief sought is in regard to the refusal of the Board to grant tenure.

It is now well established that a board of education may be granted a stay of arbitration not only upon the grounds specified in CPLR article 75, but also upon a showing that public policy restricts the freedom of the parties to agree to arbitrate certain matters (see *Board of Educ. v Areman,* 41 NY2d 527; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 616-617; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 52 AD2d 400, mod 42 NY2d 266).

The power of a board of education to grant or deny tenure without explanation to the teacher is not subject to arbitration *(Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn.,* 54 AD2d 1044, 1046; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.], supra).* Nevertheless, it has been held that "the bargained-for right to supplemental procedural steps preliminary to the board's final action to grant or withhold tenure is not to be rendered a nullity because of the board's right to deny tenure without explanation *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra,* p 778). However, in the present case the allegation of a dispute as to compliance by the supervising principal with the contract is not amplified and the record conclusively establishes that he had in fact recommended Wisner for tenure.

In the context of this case the sole matter sought to be submitted to arbitration is the decision of the Board as to tenure and, accordingly, Special Term was empowered to stay arbitration *(Matter of Kepp v Springville-Griffith Inst. Cent. School Dist.,* 55 AD2d 1033; *Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn., supra,* p 1045; cf. *Matter of Candor Cent. School Dist. [Candor Teachers Assn.], supra).*

The appellants contend that in this case the Board had participated in the arbitration process including the selection of an arbitrator prior to moving for a stay and, accordingly, is precluded from seeking a stay. (See CPLR 7503, subd [b]; *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 382; *Matter of Boston Old Colony Ins. Co. [Martin]*, 34 AD2d 776.) However, where public policy mandates that a contractual agreement which upon its face would require the submission of tenure matters to arbitration be considered a nullity *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra,* p 777) it would be unreasonable to hold that a board of education is precluded from obtaining a stay simply by participation in a proceeding. This is especially so when any award which would grant tenure would be in excess of the arbitrator's powers. The teacher had acquired no vested rights, but was strictly a *probationary* appointee.

The appellants have not demonstrated any error on the part of Special Term which would require a reversal.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Judgment affirmed, without costs.