In the Matter of the Arbitration between VESTAL CENTRAL SCHOOLS, Respondent, and VESTAL TEACHERS ASSOCIATION et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered July 22, 1976 in Broome County, which granted appellants' motion for reargument and, upon reargument, adhered to an earlier order of the same court, entered December 30, 1975 granting petitioner's application, pursuant to CPLR 7503 (subd [b]), seeking to permanently stay arbitration sought by respondents. During the third year of her probationary appointment as a teacher in petitioner Vestal Central Schools, appellant Gloria Chantland, a member of appellant Vestal Teachers Association, was notified by petitioner's superintendent that she would not be recommended for tenure. Pursuant to the collective bargaining agreement between petitioner and appellant association, she thereafter filed a grievance wherein her basic complaint was obviously the denial of tenure. She also asserted violations of the collective bargaining agreement apart from the ultimate tenure decision, however, and when she was denied relief at both Levels Nos. 1 and 2 of the arbitration procedures provided in said agreement, she appealed the Level No. 2 determination to the third level of the grievance procedure, i.e.,

binding arbitration. At this point, seeking to permanently stay the arbitration upon the ground that "There is no valid agreement between the parties which permits the question of tenure denial to go to level 3—arbitration", petitioner commenced the instant proceeding pursuant to CPLR 7503 (subd [b]). Special Term granted the application and later, upon reargument, affirmed its earlier decision, and this appeal ensued. We hold that the order appealed from must be reversed. Clearly, the determination as to whether or not appellant Chantland was to be granted tenure was for the school board to make, and this question may not be submitted to arbitration (*Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn.,* 54 AD2d 1044). However, in this proceeding, unlike that found in *Clifton-Fine Cent. School Bd. of Educ. v Wisner* (59 AD2d 50, mot for lv to app den 43 NY2d 643) where the sole matter sought to be arbitrated was the board's decision as to tenure, noncompliance with various provisions of the collective bargaining agreement is alleged. These matters constitute proper subjects for arbitration (*Matter of Ithaca City School Dist. v Ithaca Teachers Assn.,* 57 AD2d 992) and are clearly subject to arbitration under the express terms of the agreement. Thus, the threshold questions raised by a motion to stay arbitration in the public sector have been considered (see *Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509), and we may not properly consider whether or not the allegations are tenable (CPLR 7501; *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167). Moreover, as the Court of Appeals has only recently re-emphasized in *Matter of South Colonie Cent. School Dist. v Longo* (43 NY2d 136), the power to dismiss without explanation should not be deemed a license to violate bargained-for rights. (See, also, *Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra; Board of Educ. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47.) Order reversed, on the law and the facts, without costs; motion denied, petition dismissed, and parties directed to proceed to arbitration on the alleged violations of the collective bargaining agreement apart from the ultimate tenure decision. Greenblott, J. P., Sweeney, Main and Mikoll, JJ., concur; Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). In a grievance initiation form the respondent teacher states that there was a grievance as to "Article 10 p. 12, Article 21B p. 23, Joint Code of Ethics #5 p. 25". She stated that the situation about which she had a grievance was "Teacher not recommended for tenure". In answer to a question as to what should be done, respondent stated "Granted Tenure". The majority concedes that respondent cannot obtain tenure by way of arbitration and assuming there was a violation of the contract, as alleged, it would not be a basis for tenure. In any event, the collective bargaining agreement prohibits "decisions * * * pertaining to tenure" and the grievance of this employee as defined in the agreement is a complaint or request as to tenure. There is no showing in this record that the board was not justified in refusing tenure and from this record it can be fairly determined that the sections of the contract and the joint code of ethics have not been violated, and further have no application to the present controversy. While it is recognized that the court's inquiry in this type of action is a "constricted one" (see *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 171) when the record conclusively demonstrates there is no merit and no violation of the contract in accordance with the respondent's contention (see *Clifton-Fine Cent. School Bd. of*

*Educ. v Wisner,* 59 AD2d 50, mot for lv to app den 43 NY2d 643) it would be an exercise in futility to direct arbitration. Accordingly, I would affirm the order of Special Term.