OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Although the arbitrator’s interpretation of the provisions in the collective bargaining agreement governing teacher evaluations limited the power of the district superintendent to exercise discretion in making tenure recommendations to the school board, it did not in any way impair the authority of the school board to make the ultimate decision to grant or withhold tenure. Thus, the decision of the arbitrator cannot be considered violative of the public policies expressed in the Education Law (Education Law, §§ 2509, 2573, 3012, 6212; see Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 777; cf. Matter of Candor Cent. School Dist. [Candor Teachers Assn.], 42 NY2d 266).* Moreover, the arbitration award itself is not offensive to any public policies because the arbitrator refrained from interfering with the school board’s ultimate tenure determination and limited the award to a simple direction requiring the district to retain the grievant teacher on probationary status for an additional year so that her performance could be evaluated in accordance with the procedures outlined in the collective bargaining agreement (Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra; Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167).
Finally, we reject the efforts of the school board to utilize the present proceeding to confirm or vacate the award as *1041 a vehicle for challenging the arbitrability of the underlying grievance. The provisions of CPLR 7511 simply do not permit a party who has participated in the arbitration to raise the question of arbitrability as a ground for vacating the award (compare CPLR 7511, subd [b], par 1, with CPLR 7511, subd [b], par 2; see Matter of Board of Higher Educ. [Brown], 49 NY2d 935, 936).

 We note that a different conclusion might well result if the dispute in the instant case had arisen in a city having a population of 400,000 or more, since, in such cities, the tenure recommendation of the district superintendent is binding upon the board of education (Matter of Caraballo v Community School Bd. Dist. 3, 49 NY2d 488; Education Law, § 2573, subd 6).