■ In the Matter of the Arbitration between MORIAH CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION, Appellant, and SANDRA SMITH et al., Respondents. MORIAH CENTRAL TEACHERS ASSOCIATION, Intervenor-Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term, entered December 5, 1979 in Schenectady County, which denied petitioner's application for a stay of arbitration. At the end of her probationary period as an art teacher, respondent Smith was informed by petitioner that she would not be granted tenure. Pursuant to section 3031 of the Education Law, she requested and received the reasons for the tenure denial. At a

subsequent meeting attended by Smith with counsel, petitioner formally voted to deny her tenure. Thereafter, a grievance was filed based on allegations that petitioner had violated certain provisions of the collective bargaining agreement. After completion of the preliminary grievance procedures in the agreement, petitioner was notified that the matter was being submitted to arbitration. In response, petitioner commenced the present proceeding seeking a stay of the proposed arbitration. Petitioner's application was denied by Special Term and this appeal ensued. In deciding the question of arbitrability, it must first be determined whether arbitration of the subject matter in dispute is authorized by the Taylor Law (Civil Service Law, art 14), and, if it is so authorized, it must then be determined whether the parties agreed by the terms of the arbitration clause to refer their differences in this specific area to arbitration *(Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509)*. The instant grievance specifically states that it is not an attempt to have respondent Smith appointed to tenure, but rather it is claimed that certain supplemental procedural steps preliminary to a final denial of tenure have been violated. That arbitration of this dispute is authorized by the Taylor Law is not challenged on this appeal. As to the second requirement, examination of the provision of the collective bargaining agreement defining a grievance is necessary. The agreement provides, in pertinent part, that: "A *Grievance* shall mean a complaint by any teacher or group of teachers in a negotiating unit that there has been a violation, misinterpretation, mis-application or inequitable application of any of the provisions of this agreement, except that the term 'grievance' shall not apply to any matter as to which (1) the method of review is prescribed by law". It is argued by petitioner that respondents are seeking a review of the reasons given for denying respondent Smith tenure and that subdivision (b) of section 3031 of the Education Law provides for a review of those reasons. Consequently, petitioner maintains that the subject matter of the present dispute has been excluded from arbitration by the terms of the agreement. We disagree. Initially, we would note that an examination of the grievance clearly reveals that respondents are not challenging the reasons for the denial of tenure but are instead claiming violation of certain procedural steps provided for in the agreement *(Board of Educ. v Barni, 51 NY2d 894)*. We are also of the view that subdivision (b) of section 3031 of the Education Law does not provide for a review of a decision to deny tenure but merely provides for a teacher to receive the reasons for a denial of tenure and to file a written response prior to the meeting of the board of education. In other words, subdivision (b) of section 3031 only provides a teacher with a modicum of due process rights prior to a final tenure decision but furnishes no review of that decision. In any event, the Court of Appeals has limited the exclusion of arbitrable grievances in a similar grievance clause to those grievances for which review is "mandatorily" provided *(Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d 521, 526)*. Such is not the case under subdivision (b) of section 3031 of the Education Law. Accordingly, we conclude that the present dispute falls clearly and unequivocally within the class of claims agreed to be referred to arbitration. Special Term, therefore, properly denied petitioner's application to stay arbitration and the order and judgment should be affirmed. Order and judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.