◼ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE ARMONK CENTRAL SCHOOL DISTRICT, Respondent, and BYRAM HILLS TEACHERS ASSOCIATION, Appellant. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, the Byram Hills Teachers Association appeals from a judgment of the Supreme Court, Westchester County (Ferraro, J.), entered June 24, 1981, which granted the application. Judgment reversed, on the law, without costs or disbursements, and the application for a stay of arbitration is denied. The parties are directed to proceed to arbitration. In September of 1977, Myra Glaser, a member of the Byram Hills Teachers Association, commenced a three-year probationary appointment as a learning disabilities teacher in the Armonk Central School District. The probationary appointment, by its terms, was to end on June 30, 1980, at which time Ms. Glaser was eligible for tenure. At its meeting of May 6, 1980, the Board of Education of the Armonk Central School District "voted not to appoint Glaser on tenure." On May 13, 1980, Ms. Glaser's attorney, pursuant to subdivision (b) of section 3031 of the Education Law, wrote to the board requesting a statement of reasons for its preliminary action in voting to deny tenure. A statement of reasons was provided. At a meeting on June 16, 1980, the board reviewed the matter and again voted not to grant tenure. Ms. Glaser's probationary term expired and her services were terminated on June 30, 1980. Ms. Glaser filed a formal grievance, pursuant to the collective bargaining agreement between the board and the teachers association, alleging that in denying her tenure, the board improperly considered certain parents' complaints concerning her performance, which complaints were not discussed with her, in violation of Appendix E of the collective bargaining agreement. At the second stage of the grievance procedure, the association, on behalf of Ms. Glaser, amended the complaint to allege that: "On June 16, 1980, the Board of Education denied tenure to Mrs. Myra Glaser — stating reasons in such a manner as to demonstrate prima facie violations of article[s] V, H.1; XI, D and J * * * XI, -A, p. 18". The remedies sought included, *inter alia*, a demand that Ms. Glaser be reinstated as a teacher of learning disabilities. After failing to resolve this complaint at the informal stages of the grievance procedure, the association, in accordance with the contract provisions, filed a demand for arbitration, setting forth its complaint, as amended at the second stage of the grievance procedure, and seeking the same remedies. The board then applied, pursuant to CPLR 7503 (subd [b]), for a permanent stay of arbitration. Special Term granted the petition and stayed the arbitration. We reverse. The association's actual complaint involves the board's failure to comply with various contract provisions, a matter properly subject to arbitration pursuant to the parties' collective bargaining agreement (see *Matter of Board of Educ. of Deer Park Teachers Assn.,* 50 NY2d 1011; *Matter of Board of Educ. [Middle Is. Teachers Assn.],* 50 NY2d 426; *Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, mot to resettle order den 39 NY2d 1032; *Matter of Vestal Cent. Schools [Vestal Teachers Assn.],* 60 AD2d 720, affd 46 NY2d 746 on mem at

App Div). Whether the provisions of the contract, as set forth in the association's demand for arbitration, support the grievance is an issue we need not consider in determining the question of arbitrability (see CPLR 7501; *Matter of Board of Educ. v Deer Park Teachers Assn., supra; Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra*). Further, the fact that the relief requested includes "reinstatement" of Ms. Glaser "does not, standing alone, justify judicial interference with the arbitration process at this stage" (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418; see, also, *Board of Educ. v Bellmore-Merrick United Secondary Teachers, supra*). Finally, the arbitration proceeding is not barred "by limitation under subdivision (b) of section 7502" (see CPLR 7503, subd [b]; see, also, *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669). Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.