■ BOARD OF EDUCATION OF THE ELWOOD UNION FREE SCHOOL DISTRICT, Respondent, v ELWOOD TEACHERS' ALLIANCE, Appellant, et al., Respondents. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, the Elwood Teachers' Alliance appeals from a judgment of the Supreme Court, Suffolk County (Corso, J.), entered September 20, 1982, which, *inter alia,* granted the application. Judgment modified, on the law, by deleting the words "in all respects" from the first decretal paragraph thereof and by adding thereto after the word "granted", the words "to the extent that respondents are permanently enjoined from arbitrating the issue of whether petitioner's determination denying tenure to respondent Thomas Conway was arbitrary, capricious and without just cause", and by deleting the second decretal paragraph thereof in its entirety. As so modified judgment affirmed, without costs or disbursements. The parties are directed to proceed to arbitration of the remaining issues raised by appellant's demand for arbitration. Respondent Thomas Conway is a teacher whose employment was terminated by the Board of Education of the Elwood Union Free School District (hereinafter the board) on the expiration of his probationary term after it voted to deny him tenure. Conway then filed a grievance in accordance with the grievance procedure set forth in the collective bargaining agreement between the board and the Elwood Teachers' Alliance (hereinafter the union). After failing to resolve the grievance at the informal stages of the grievance procedure, the union filed a demand for arbitration which defined the issues in dispute as follows: "The reasons given by the Superintendent for the grievant's dismissal are vague and ambiguous. The action taken by the Board of Education in dismissing the grievant is therefore arbitrary and capricious and without just cause. Therefore, the actions of the Superintendent and the Board of Education are violative of Articles XX & XXI of the collective bargaining agreement in force." Section F of article 20 of the collective bargaining agreement contains

rules relating to the evaluation of teachers. Section D of article 21 sets forth the procedures to be followed by the board in determining whether to grant or deny tenure, including the requirement that, upon request, a teacher be provided with a written statement giving the reasons for the recommendation that the board deny that teacher tenure. The procedures set forth in the collective bargaining agreement are substantially similar to those in section 3031 of the Education Law. In accordance with the applicable provisions of the Education Law and the collective bargaining agreement the superintendent of schools furnished Mr. Conway with a statement of the reasons for his recommendation that the board deny him tenure. In several letters directed to the superintendent of schools and the president of the board, Mr. Conway contended that the reasons provided to him were too general in nature to enable him to respond intelligently to them, as he was permitted to do pursuant to section 3031 of the Education Law and the collective bargaining agreement, and he requested information about the specific incidents which led to the superintendent's recommendation. This information was never provided to him. We conclude that appellant's demand for arbitration contains both arbitrable and nonarbitrable elements. In *Matter of Board of Educ. v West Babylon Teachers Assn.* (52 NY2d 1002, 1003), the Court of Appeals stated that "[i]n public sector labor arbitration, a stay is only proper where the disputed issue falls outside the contract's arbitration provisions or where arbitration would violate public policy". The second sentence of appellant's demand for arbitration, challenging as "arbitrary and capricious and without just cause" the board's determination dismissing Mr. Conway, falls within the category of grievances which are nonarbitrable, as it impermissibly interferes with the nondelegable responsibility of the board, pursuant to sections 3012 and 3031 of the Education Law, to make the determination of whether to grant or deny tenure to a teacher. It is beyond the power of a board of education to surrender its authority and responsibility to make the substantive determination of whether to grant tenure, and any contractual provisions which interfere with this nondelegable function are unenforceable as against public policy (see *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, 42 NY2d 266, 271; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774). Thus, a stay of arbitration is proper where the grievance at issue is solely concerned with the substantive review of a board of education's determination not to award a teacher tenure (see *Matter of Morris Cent. School Dist. Bd. of Educ. v Morris Educ. Assn.*, 54 AD2d 1044). Public policy considerations however, do not preclude a board of education from negotiating provisions in a collective bargaining agreement prescribing procedural safeguards preliminary to the actual determination of whether to grant or deny tenure (see *Matter of Board of Educ. [Middle Is. Teachers Assn.]*, 50 NY2d 426; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.]*, *supra*, p 272; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, *supra*, p 778). The provisions of section F of article 20 of the parties' collective bargaining agreement concerning teacher evaluations and the provisions in section D of article 21, requiring that a written statement of the reasons for the recommendation that tenure be denied be provided to a teacher who requests them, come within the category of these procedural safeguards. A stay of arbitration is not proper where the grievance sought to be arbitrated concerns solely procedural steps preliminary to the tenure determination, including teacher evaluation procedures (see *Matter of Board of Educ. [Middle Is. Teachers Assn.]*, *supra; Matter of Board of Educ. [Byram Hills Teachers Assn.]*, 89 AD2d 916; *Matter of Moriah Cent. School Dist., Bd. of Educ. [Smith]*, 81 AD2d 698, 699). Thus the portions of appellant's demand for arbitration concerning both (1) the specificity of the reasons furnished by the superintendent of schools to Mr. Conway, as

opposed to the substantive validity of those reasons as a basis of a determination to deny him tenure, and (2) the application of the contractually prescribed evaluation procedures in this instance, state arbitrable grievances. Therefore, the parties are directed to proceed to arbitration on alleged violations of provisions of the collective bargaining agreement relating to whether the reasons furnished to Mr. Conway were sufficiently specific to enable him to exercise his right to formulate a written response thereto pursuant to section 3031 of the Education Law and section D of article 21 of the contract and to the evaluation procedures for teachers contained in section F of article 20 of the contract apart from the ultimate determination of the board to deny Mr. Conway tenure (see *Matter of Vestal Cent. Schools* [*Vestal Teachers Assn.*], 60 AD2d 720, affd 46 NY2d 746 ɔn mem at App Div). Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.