■ In the Matter of REBECCA TAYLOR et al., Respondents, v JACK BERBERIAN, Individually and as Superintendent of Community School Board District 3, Appellants. — Order and judgment (one paper), of the Supreme Court, New York County (Scott, J.), entered March 1, 1983, *inter alia,* granting petitioners summary judgment on the first two causes of action, modified, on the law, to the extent of reversing summary judgment and remanding those two causes of action for further proceedings, and otherwise affirmed, without costs. Petitioner Taylor (petitioner) is the principal of Intermediate School 44 (I.S. 44) which is part of Community School District 3. The remaining petitioners are current members of Community School Board District 3 (CSB 3), a former member of the board, and parents of children who attend I.S. 44. The respondents are Berberian, the superintendent of CSB 3, the community school board and the chancellor of the Board of Education of the City of New York. The issue here involved is whether petitioner acquired tenure as principal of I.S. 44. On June 1, 1979 petitioner was designated as acting principal of I.S. 44 for the school year commencing September, 1979. Ms. Taylor accepted the assignment. In April, 1981 she made application for a license as a junior high school principal. On July 2, 1981 she received her license and on August 17, 1981 she was appointed principal of I.S. 44. For the service rendered by her as acting principal she was given two years of tenure credit leaving one year of probationary service remaining (Education Law, § 2573, subd 1, par [b]). On April 27, 1982 she was notified by respondent that he was not recommending that she "be granted certification of completion of probation (tenure) as a Junior High School Principal" and that her appointment would terminate on the final day of her probationary period, which he fixed as June 30, 1982. She was further advised that, under the collective agreement between the Council of Supervisors and Administrators (CSA), petitioner's collective bargaining agent, and the board of education, the CSA could invoke the automatic review procedure prescribed by the by-laws of the board of education. On June 24, 1982 the CSA filed an appeal from respondent's determination. The matter was referred to the Office of Appeals and Review (OAR) which, upon investigation ascertained that petitioner had filed a grievance under the collective bargaining agreement with respect to 8 of the 11 letters in her file indicating dissatisfaction with her functioning and performance in areas pertaining to her principalship of I.S. 44. OAR notified CSA that the review sought could not proceed until the grievance filed by petitioner had run its full course. On June 29, 1982, the day prior to the day fixed in respondent's letter for the termination of petitioner's appointment, petitioner instituted this proceeding and moved to restrain her removal. Pending disposition of the application the *status quo* was maintained by a temporary restraining order. On August 4, 1982, the preliminary injunction was granted. Special Term noted that respondent had mistaken the date of termination of petitioner's probation, fixing it approximately a month and a half earlier than in fact it terminated. It held that in order to terminate the services of a probationer prior to the termination of the probationary period, the recommendation of the superintendent required the approval of a majority of the community school board (Education Law, § 2573, subd 1, par [b]). Since the matter had not been submitted to the board, the required approval had not been obtained. Additionally, Special Term found that respondent had not endeavored to rebut petitioner's specific allegations which concluded with the charge that her termination was arbitrary and capricious. Accepting these allegations as true, as it was required to do in light of the failure to controvert them, it concluded that the denial of tenure was contrary to law. In order to prevent petitioner from obtaining tenure by estoppel, respondent forwarded to her a revised letter dated August 13, 1982 terminating her appointment on August 17, 1982, "the final day of

your [petitioner's] probationary period". The petition sets forth seven causes of action, only two of which, those dealing with the issue of petitioner's tenure, are here germane. The remaining five causes involve actions at law. Respondents interposed their answer and substantially simultaneously they moved for summary judgment. Special Term, upon searching the record, granted summary judgment on the first two causes of action to petitioners. It severed the remaining causes of action. Respondent does not deal with the five severed causes of action on this appeal. We are in accord with Special Term's conclusion that these five remaining causes of action were required to be severed. However, we disagree with the holding that petitioner acquired tenure by estoppel and we modify accordingly. Petitioner does not dispute that under subdivision 6 of section 2573 the power of the school board with respect to the granting of tenure is essentially ministerial in nature and when a recommendation for tenure is made by the community superintendent, the community school board shall immediately thereafter issue a permanent certificate of appointment (*Matter of Caraballo v Community School Bd. Dist. 3*, 49 NY2d 488). However, she contends that section 2573 (subd 1, par [b]) is the statute properly applicable and under that section she could be terminated during her probationary period only "by a majority vote of the board". While we agree with petitioner's interpretation of section 2573 (subd 1, par [b]), we hold it has no application since respondent's termination of petitioner was made effective upon *completion* of her probationary term. We conceive the rule to be as stated by Judge Meyer in his concurring opinion in *Matter of United Liverpool Faculty Assn. v Board of Educ.* (52 NY2d 1038, 1041-1042): "(1) that with respect to *termination* of employment *during* an employee's probationary period, ultimate discretion is uniformly in the school board, (2) that the decision to *terminate* employment *at the end* of the probationary period can only be made by the district superintendent, and (3) that as to a *grant of tenure*, the ultimate authority is in the board of education in districts governed by section 2509[*] of the Education Law, but in all other districts is in the district superintendent". (Emphasis supplied.) Under the circumstances, we modify to reverse the grant of summary judgment on the first two causes of action and hold that the power to terminate petitioner's employment as of August 17, 1982 lay exclusively with respondent. However, since there are issues with respect to the first two causes which still remain to be disposed of, we remand for further proceedings. Concur — Sullivan and Bloom, JJ. Sandler, J. P., concurs in a separate memorandum and Fein and Alexander, JJ., dissent in a memorandum by Alexander, J., all as follows:

Sandler, J. P. (concurring). I agree with the result reached in the court's memorandum, which seems to me compelled by the decision of the Court of Appeals in *Matter of Caraballo v Community School Bd. Dist. 3* (49 NY2d 488). In *Caraballo* the Court of Appeals was required to construe subdivision 6 of section 2573 of the Education Law, which in pertinent part provides: "In a city having a population of four hundred thousand or more, at the expiration of the probationary term of any persons appointed for such term, the superintendent of schools shall make a written report to the board of education recommending for permanent appointment those persons who have been found satisfactory and such board of education shall immediately thereafter issue to such persons permanent certificates of appointment." The specific issue in *Caraballo* was whether a community school district board was (at p 490) "empowered to refuse issuance of a permanent certificate of appointment to a principal recommended for tenure by the district's superintendent of schools?" The Court of Appeals concluded that the community school district's board was not

---

[*] School districts of each city which according to the latest Federal census has less than 125,000 inhabitants (Education Law, § 2501). Footnote not in quotation.

so empowered. The court held to be ministerial the board's statutory duty to issue permanent certificates of appointment to those recommended by the superintendent of schools for such appointment. Significantly the opinion said (at p 493) that "it is not for the courts, but was for the Legislature, to say whether the decisive responsibility for passing on the permanent retention of an educator was to reside in the professional judgment of a superintendent trained to this task or in an elected board". In further support of the conclusion reached, the court noted (at p 494) that "a pattern for amending subdivision 6 of section 2573, had the Legislature desired to do so, was readily available. For the tenure-related provisions of the Education Law applicable to cities with fewer than 125,000 inhabitants expressly contemplate school board review, requiring a 'majority vote' of the board and relying on permissive language (see Education Law, § 2509, subd 2 * * *)." In sharp distinction to subdivision 6 of section 2573, subdivision 2 of section 2509 of the Education Law, referred to by the Court of Appeals in the above-quoted passage, specifically provides that after a written report by the superintendent of schools to the board of education recommending appointment on tenure, "[b]y a majority vote the board of education may then appoint on tenure any or all of the persons recommended by the superintendent of schools." In the light of the Court of Appeals analysis of subdivision 6 of section 2573 of the Education Law in *Caraballo,* it is highly doubtful that section 2573 (subd 1, par [b]) is reasonably construed as vesting the school board with the effective power to confer permanent tenure on someone serving a probationary term as principal by refusing to agree to the employee's discontinuance "at any time during the probationary period", thereby circumventing the tenure procedure set forth in subdivision 6 of section 2573.

Alexander, J. (dissenting). I respectfully dissent from the conclusion reached by the majority that the power to terminate petitioner's employment as of August 17, 1982, lay exclusively with respondent. I do not read *Matter of Caraballo v Community School Bd. Dist. 3* (49 NY2d 488), as requiring that result nor do I believe that such a result is required by the concurring opinion of Judge Meyer in *Matter of United Liverpool Faculty Assn. v Board of Educ.* (52 NY2d 1038, 1041-1042). To construe section 2573 (subd 1, par [b]) of the Education Law so as to grant unrestricted authority to a superintendent to make unilateral decisions denying tenure to administrators, directors, supervisors, principals, etc., and to make the proper exercise of the authority thus granted depend solely upon the "day" when the decision becomes effective is unwarranted and misreads the statute. If a superintendent need only wait until the last day of the probationary period to make the denial of tenure effective, then that provision of the statute requiring a majority vote of the board to discontinue the appointment at "any time during the probationary period" is effectively rendered meaningless. By its clear language, section 2573 (subd 1, par [b]) applies only to termination of appointments to supervisory positions "at any time during the probationary period" and must, perforce include the end of the period and its final day. (See *Matter of Elisofon v Board of Educ.,* 51 AD2d 724.) It should be noted also that while the respondent purportedly sought, by his letter of August 13, to make the termination of petitioner's appointment effective "on the final day of your probationary period, Tuesday, August 17, 1982", it is clear that the termination, in fact was effected "during her probationary period," for the letter states "[a]lthough your probationary period expires on August 17, 1982, please be advised that *your services under this appointment terminated at the end of your regular school year June 30, 1982"* (emphasis added). Thus, a vote "by a majority * * * of the board of education" was necessary to accomplish the termination. (Education Law, § 2573, subd 1, par [b].) In considering the issues on this appeal, it should

not be forgotten that in granting an injunction, Special Term found respondent's initial attempt to terminate petitioner to be "arbitrary" and a "nullity" because that termination had not been authorized by the majority vote of the board. The fact that the subsequent letter may have been written to avoid petitioner achieving "tenure by estoppel" does not alter the arbitrariness and illegality of that letter. While it may be true that the decision regarding the *grant* of tenure (based upon the explicit statutory language) rests exclusively with the superintendent, and that the board's function in face of a recommendation of tenure by the superintendent is ministerial (*Matter of Caraballo v Community School Bd. Dist. 3, supra*), there is nothing in either the statutory language or the statutory scheme to indicate that the superintendent has the power to unilaterally *deny* tenure. The power to grant does not necessarily imply the corollary power to deny. Such power should not be read into the statute by the courts. Accordingly, I would modify the order below to vacate the grant of summary judgment to petitioner on the first and second causes of action, vacate the severance of those two causes of action and remand for trial on all issues raised by the pleadings.