■ In the Matter of the Arbitration between BROADALBIN TEACHERS ASSOCI-ATION, Respondent, and BROADALBIN CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order and judgment of the Supreme Court at Special Term (Amyot, J.), entered January 7, 1983 in Fulton County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award. Since the arbitrator's award is not violative of public policy and is not completely irrational, and since it was within the arbitrator's power to make such an award, the order and judgment of Special Term confirming the award must be affirmed. The collective bargaining agreement between petitioner and respondent contains a provision which requires respondent school district to evaluate each nontenured teacher on classroom teaching at least four times during the school year, twice each semester. In the case at bar, the district evaluated one of its nontenured teachers twice the first semester of his last year of probation and three times the second semester. Two of the latter three evaluations, however, occurred after the district had made its decision to terminate the teacher and after the teacher had filed a grievance pursuant to the terms of the collective bargaining agreement. The arbitrator determined that the district had violated the requirements of the evaluation provision and directed that the teacher be given an additional year of probation. The

district's public policy argument is meritless. Contrary to the district's contention, the evaluation provision, as construed by the arbitrator, does not infringe upon any substantive aspect of the district's responsibility and authority to make tenure decisions. Rather, it merely imposes certain procedural requirements which must be complied with before a probationary appointment can be terminated. Such bargained-for supplemental procedural steps preliminary to the final action of granting or withholding tenure are not violative of public policy (*Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167, 173). That the tenure denial is, as the district alleges here, based solely on factors unrelated to classroom performance does not lead to a contrary result (see *Matter of Board of Educ. [Middle Is. Teachers Assn.],* 50 NY2d 426, 429). In any event, the arbitrator found that the district's decision, in fact, was predicated at least partially on classroom performance, and such a factual determination is beyond judicial review (see *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629). It is next argued by the district that the arbitrator's interpretation of the contractual evaluation provision is completely irrational. We disagree, for it is entirely reasonable to conclude that a school district's agreement to take certain procedural steps in evaluating its nontenured teachers encompasses the requirement that such steps be taken before a nontenured teacher is terminated (see *Matter of Board of Educ. [Middle Is. Teachers Assn.], supra*). The arbitrator's conclusion is based upon his interpretation of the evaluation provision of the agreement, which is within the powers specifically conferred upon him by the arbitration clause in the agreement, and does not, as the district suggests, arise out of some new condition grafted onto the evaluation provision by the arbitrator. Finally, there is no merit in the district's argument that the arbitrator lacked the authority to direct reinstatement of the probationary teacher for an additional year to allow the district to comply with the procedural requirements of the evaluation provision (see, e.g., *Matter of United Liverpool Faculty Assn. v Board of Educ.,* 52 NY2d 1038, 1040; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 778). Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.