■ In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent, v NASSAU BOCES CENTRAL COUNCIL OF TEACHERS, Appellant. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, Nassau BOCES Central Council of Teachers appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), dated February 16, 1983, as granted the application with respect to an underlying dispute involving Adult Education Clinical Licensed Professional Nursing Instructors. ¶ Judgment reversed insofar as appealed from, on the law and the facts, with costs, and the application for a stay of arbitration of the underlying dispute involving Adult Education Clinical Licensed Professional Nursing Instructors is denied. The parties are directed to proceed to arbitration. ¶ The action of appellant Nassau BOCES Central Council of Teachers in commencing a CPLR article 78 proceeding requesting certain statutory and regulatory rights on behalf of duly designated adult educator instructors did not constitute a waiver of the appellant's right to seek arbitration as to the instant grievance, which involves the alleged improper reclassification of certain employees from positions designated as adult education teachers to positions designated as adult education instructors, in violation of "Article I, section 1.3" and "Article V, section 11.1" of the parties' then existing collective bargaining agreement. ¶ Since the instant grievance is a matter properly subject to arbitration pursuant to the parties' then existing collective bargaining agreement (see *Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011; *Matter of Board of Educ. [Middle Is. Teachers*

*Assn.*], 50 NY2d 426; *Matter of Vestal Cent. Schools* [*Vestal Teachers Assn.*], 60 AD2d 720, affd 46 NY2d 746 on the mem at the App Div; *Matter of Board of Educ.* [*Byram Hills Teachers Assn.*], 89 AD2d 916), the parties are directed to proceed to arbitration. ¶ We have considered the other contentions raised on this appeal and find them to be without merit. Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.