■ In the Matter of JAMES ROBERTS, Appellant, v COMMUNITY SCHOOL BOARD OF COMMUNITY DISTRICT No. 6 et al., Respondents. — Judgment, Supreme Court, New York County (Irving

Kirschenbaum, J.), entered on September 12, 1983, affirmed, without costs and without disbursements. Concur — Sandler, Carro and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and reinstate petitioner.

Education Law § 2573 (1) (b) requires that all principals serve a probationary period of three years. Petitioner was appointed as a junior high school (JHS) principal and served (concurrently as a deputy superintendent for curriculum) uninterruptedly from May 1, 1979 to November 1, 1981, or 2½ full years. After November 1, he took on the additional responsibility of serving as acting community superintendent for the balance of the school year. This was understood to be a temporary position, while the school board searched for a new superintendent. This new position was not to interfere with petitioner's quest for tenure as a JHS principal. This was clearly stated when the school board hired the petitioner as acting superintendent, for in the resolution signing him to the contract, it makes mention that petitioner is to complete his probationary period, on schedule, in May 1982. A new superintendent took office in July 1982 and petitioner returned to his prior position.

The new superintendent refused to grant the petitioner tenure, purportedly due to his lack of time spent as a JHS principal. Special Term concurred and found that petitioner's service as deputy community superintendent and acting community superintendent would not apply towards the probationary period. This disregarded the expressions of the parties when petitioner took these positions. In addition, both the superintendent and Special Term refused to include towards petitioner's tenure the 1½ years, from December 1977 to May 1979, that petitioner earlier spent as an acting JHS principal prior to passing the JHS principal's exam. (*See for fact pattern only, Matter of Taylor v Berberian,* 96 AD2d 797, *affd* 61 NY2d 613 [1983].) This would clearly supply both the "time and the experience" petitioner is supposed to lack.

Petitioner's 1½ years of service as a JHS principal before taking the principal's examination may be considered. In *Taylor* (*supra*), the petitioner was designated an acting principal in 1979. In 1981 she applied for and received her principal's license. She was given credit by the board of education for these two years toward her three-year probationary period. In the case at bar, this would result in petitioner's having completed the three years required for tenure. (*See also, Ricca v Board of Educ.,* 47 NY2d 385, 390; *Matter of Board of Educ. v Nyquist,* 45 NY2d 975, *revg, on dissenting opn below,* 59 AD2d 76.) Having

thus more than satisfied the three-year probationary period, petitioner would have acquired tenure by estoppel. (*Matter of Moritz v Board of Educ.*, 60 AD2d 161.)

*Matter of Frey* (12 Ed Dept Rep 299) is inapposite. There, petitioner served in two different positions, assistant superintendent and community superintendent, to achieve the three-year probationary period. He claimed that this gave him tenure as an assistant superintendent. The Commissioner claimed that the two positions were too different and one was purely contractual, so that they could not be combined for tenure purposes. It was also noted that neither party discussed tenure when petitioner was seeking the job.

In the case at bar, petitioner not only served as acting superintendent, but served specifically without prejudice to his other position as a JHS principal. The Commissioner in *Frey* stated: "When petitioner [Frey] accepted this contractual position with Community District No. 4, he must be deemed to have waived his rights of tenure, if any." (12 Ed Dept Rep, at p 301.) Roberts did not waive his tenure rights where the school board specifically stated in the resolution making him acting superintendent that it was not in prejudice of his tenure rights in his other position.