■ In the Matter of BOARD OF EDUCATION OF THE PATCHOGUE-MEDFORD UNION FREE SCHOOL DISTRICT, Respondent, v PATCHOGUE-MEDFORD CONGRESS OF TEACHERS, by Its President, ANTHONY CONETTA, Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the Patchogue-Medford Congress of Teachers appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Brown, J.), dated December 10, 1987, which granted the application.

Ordered that the order and judgment is reversed, on the law, with costs, the application is denied, and the arbitration award is confirmed.

The collective bargaining agreement between the petitioner and the respondent contains a provision which requires the petitioner school district to provide a probationary candidate for tenure with such supervisory assistance as the candidate requires to point out weaknesses, and to suggest ways and means of improving the candidate's teaching. The arbitrator found that this procedural provision of the agreement was violated by the petitioner's failure to advise a probationary candidate for tenure of the standard of attendance that she

would have to meet as one of the elements in her evaluation for tenure. Since the arbitrator's award was neither irrational nor in excess of his authority, it should not have been vacated *(see, Matter of Board of Educ. [Hess], 49 NY2d 145; Matter of Broadalbin Teachers Assn. [Broadalbin Cent. School Dist.], 97 AD2d 672).* Contrary to the petitioner's contention, the evaluation provision as construed by the arbitrator does not infringe upon the petitioner's responsibility and authority to make tenure decisions. Rather, it merely imposes certain procedural requirements which must be complied with before a probationary appointment is terminated, and interprets these procedural requirements so as to effectuate the purpose of the evaluation provision of the collective bargaining agreement which requires supervisory assistance. Requiring such supplemental procedural steps preliminary to the final action of granting or withholding tenure does not violate public policy *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774; Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167, 173; Matter of Broadalbin Teachers Assn. [Broadalbin Cent. School Dist.], supra; Board of Educ. v Elwood Teachers' Alliance, 94 AD2d 692).* Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.