In the Matter of SHEILA R. AVERBACK, Respondent, v BOARD OF EDUCATION OF THE NEW PALTZ CENTRAL SCHOOL DISTRICT et al., Appellants.

Third Department, May 25, 1989

## APPEARANCES OF COUNSEL

*Davis S. Shaw* for appellants.

*Whiteman, Osterman & Hanna (Kenneth S. Ritzenberg* and *Carla E. Hogan* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Petitioner was employed by respondent Board of Education of the New Paltz Central School District as assistant superintendent for business under the terms of a three-year written employment contract which, as is relevant here, provided that petitioner could be terminated for cause but that any such termination must be commenced by service of a written notice of discharge, setting forth the date of termination and the grounds therefor, and that petitioner was entitled to demand a fair hearing with full procedural due process protection. Petitioner was discharged prior to expiration of the contract term without being afforded the agreed due process rights and petitioner commenced this CPLR article 78 proceeding seeking, *inter alia,* injunctive relief and annulment of the decision to terminate her from her position. Supreme Court granted the petition, annulling the prior termination of petitioner's employment and enjoining respondents from terminating petitioner during her probationary period, except pursuant to the terms of the employment agreement. Respondents appeal.

The question presented on this appeal is whether a board of education which has appointed a probationary administrative employee pursuant to Education Law § 3012 (1) (b) is bound by the provisions of a written employment contract, other than a collective bargaining agreement, affording the appointee enhanced due process rights during the probationary period. We decide the question in the affirmative and accordingly affirm Supreme Court's judgment.

It is fundamental that while a board of education cannot surrender its authority to terminate the employment of a nontenured employee at the end of the probationary period, it may "legally agree to augment evaluation procedures and even to limit or to forego its right to discharge [the appointee] during the period of probation" *(Matter of Cohoes City School*

*Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, 777; *see, Matter of Board of Educ. [Middle Is. Teachers Assn.],* 50 NY2d 426, 429; *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266, 272; *Matter of Broadalbin Teachers Assn. [Broadalbin Cent. School Dist.],* 97 AD2d 672). For the reasons that follow, we find little merit in respondents' argument that this principle of law is limited to agreements negotiated by a collective bargaining unit under the Taylor Law (Civil Service Law art 14). Although the subject agreement was the result of individual negotiation, the rationale underlying *Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (supra)* is equally applicable to validate the supplemental procedural rights accorded petitioner.

At the outset, we reject the contention that Education Law § 3012 prohibits the contract between the parties. That section, applicable equally to teaching staff (Education Law § 3012 [1] [a]) and administrators (Education Law § 3012 [1] [b]), is silent on the issue. Respondents erroneously equate the proscription against an employment contract which fixes the *duration* of employment with one which fixes the *terms and conditions* of employment during the probationary period, ignoring the very distinction made in *Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (supra).* "Although a school district may agree with an assistant superintendent as to the terms and conditions of employment, it may not specify by contract the duration of [an] administrator's appointment" *(Matter of Hoffman,* 18 Ed Dept Rep 466, 468; *see, Matter of Savino,* 18 Ed Dept Rep 485, 487). Here, the employment agreement is not durational in character; rather, it furnishes certain procedural safeguards to petitioner during the statutory three-year period.

Further, we reject the contention that the parties lacked statutory authority to enter into the agreement. Absent a "plain and clear" prohibition in statute or decisional law, boards of education are empowered to agree to terms of employment *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, 744). Significant, too, where a party "asserts a lack of power to agree to any particular term or condition of employment, it has the burden of demonstrating the existence of a specific statutory provision which circumscribes the exercise of such power" *(Board of Educ. v Associated Teachers,* 30 NY2d 122, 130). We conclude that respondents have failed to meet this burden here. Finally, we reject the contention that the contract impermissibly bound a successor school board *(cf.,*

*Matter of Harrison Cent. School Dist. v Nyquist,* 59 AD2d 434, *lv denied* 44 NY2d 645). Again, respondents ignore the fact that the subject contract is not durational in character. The agreement permits a successor board to discharge petitioner for cause during the probationary term and leaves wholly unimpaired its right to terminate her employment at the conclusion of the term *(cf., Matter of Lake v Binghamton Hous. Auth.,* 130 AD2d 913, 914-915; *see, Matter of Foster,* 28 Ed Dept Rep 29, 31-32).

CASEY, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, with costs.